## MILLS *vs.* HOAG.

A decree which finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its further decision, is a final decree.

The decree may be final although it directs a reference to a master, if all the consequential directions depending upon the result of the master's report are contained in the decree, so that no further decree of the court will be necessary, upon the confirmation of the report, to give the parties the full and entire benefit of the previous decision of the court.

Proceedings in the court of chancery must be instituted and carried on in the names of the real parties to the litigation; and where the complainant sells his whole right to the subject matter of the suit, either before or after a decree, the purchaser cannot carry on the suit for his own benefit, in the name of the vendor, if there is to be further litigation therein.

Where a party against whom a final decree has been made, sells his right to the subject matter of the suit, an appeal from such decree in the name of the party against whom the same was made cannot be sustained. But if the purchaser is entitled to appeal, he must make himself a party to the suit, and bring the appeal in his own name.

It seems, that after a decree against the right of a party has been made, such party cannot dispose of his claim to another so as to give the latter a right to appeal from the decree.

August 28.

THIS was an application to dismiss an appeal from a decree of the vice chancellor of the eighth circuit. The irregularity in the approval of the appeal bond was not denied by the appellant's counsel. One of the sureties named in the bond had not executed the same, and it had been signed and sealed by another person not named therein. The appellant's counsel asked leave to amend, or to file a new bond properly approved. On the part of the defendant, however, it was shown that after the entry of the decree, and before the filing of the appeal, the complainant sold the land which had formed the subject of the suit and which had been decreed to the defendant, to enable the purchasers to continue the litigation for their own benefit, by bringing and prosecuting an appeal from the vice chancellor's decree; and that the appeal was in fact brought for the benefit of such purchasers solely. The counsel for the respondent therefore insisted that such sale was illegal;

or if legal, that the purchasers should have made themselves parties to the suit, and should have brought the appeal in their own names, as the only persons now interested in the subject matter of the appeal. He also insisted that the appeal was not entered within the time limited by law for appealing; and that it was now too late to amend the proceedings.

*A. Taber,* for the appellant.

*N. Hill, jun.* for the respondent.

THE CHANCELLOR. The appeal in this cause, if regular, was brought in time. The decree was final, and not interlocutory, as it finally disposed of the subject of litigation so far as the court was concerned. Chief Justice Savage defines a final decree to be the last decree which is necessary to be entered to give to the parties the full and entire benefit of the judgment of the court. The decree in this case comes within that definition, as no further questions or directions are reserved for the future judgment of the court. And although some further proceedings are to be had before a master to carry into effect the decree, all the consequential directions depending upon the result of those proceedings are given in the present decree. It is true there may be exceptions to the master's report; and in that case a further order of the court will be necessary to dispose of those exceptions. But a decree is not the less final in its nature because some future orders of the court may possibly become necessary to carry such final decree into effect. The usual decree in mortgage cases, for the sale of the property and the distribution of the fund among the parties and finally disposing of the question of costs, is a final decree as between the complainant and the defendants, and is constantly enrolled as such; although the master's report of the sale and distribution may be excepted to if it is erroneous, and it may require a subsequent order of the court to dispose of the questions which may thus arise.

There is no doubt, however, that the appeal bond is irregular ; and the motion to dismiss the appeal should be granted, unless it is a case in which it would be proper to permit the appellant to amend, or to file a new bond properly executed and approved.   The appeal itself is not in the usual form, as the notice is that the solicitor has appealed.   This probably was a mere inadvertence in drawing the notice of the appeal ; and as the same is signed by Goff as solicitor for the complainant, I shall consider it as the appeal of the complainant, by his solicitor, in deciding the other questions which arise upon this application.   From the affidavits before me, which the appellant has not attempted to contradict or explain although he has had an opportunity to produce affidavits in opposition thereto, I must consider the fact as undeniable, that after the final decree of the vice chancellor against the complainant as to the right to the farm which had formed the subject matter of the litigation in this suit, he sold all his interest in the farm, and the right to review the decision on appeal, to other persons who were mere strangers to the suit ; and that this appeal is now brought in the name of the vendor by them and for their own use and benefit.   Upon this state of facts it is necessary, perhaps, to enquire whether the sale of the right to continue the litigation, under such circumstances, can be sustained upon the principles of public policy.   In *Wilder* v. *Keeler*, (3 *Paige's Rep.* 166,) where a claim had been purchased under circumstances somewhat similar, I refused to relieve the purchaser, who was, as in this case, asking permission to litigate his claim to the subject purchased, as a matter of favor and not of strict right.   And in *Prosser* v. *Edmonds*, (1 *Young & Coll. Rep.* 497,) Lord Abinger says, "It is a rule, not of our law alone but of that of all countries, that the mere right of purchase shall not give a man a right to legal remedies.   The contrary doctrine is no where tolerated, and is against good policy. All our cases of maintenance and champerty are founded on the principle that no encouragement should be given to litigation, by the introduction of parties to enforce those rights which others are not disposed to enforce."   Applying

that principle to the present case, I think the purchasers of this right to appeal from a final decree against the vendor, are not entitled to come here to ask the aid of the court, as a matter of favor merely, if they have made a slip by which their strict legal rights are at an end.(*a*)

But even if purchases of this kind were both legal and meritorious, the right of appeal is gone and cannot be restored by amendment, as the appeal is not in the name of the proper parties. In this court the proceedings must be carried on in the names of the real parties, so far at least as the rights of the complainant are concerned, although there has been a change of interest subsequent to the commencement of the suit. But the rights of the adverse party cannot be prejudiced by any sale of the subject matter of the suit, merely voluntary, *pendente lite*. Where the complainant sells his whole right in the suit, or it becomes wholly vested in another by operation of law, whether before or after a decree, if there is to be any further litigation in the case, it cannot be carried on, in the name of the original complainant, by the person who has acquired the right. And if the complainant's interest is determined by a voluntary assignment, the assignee must make himself a party to the suit, by an original bill in the nature of a supplemental bill, before he can be permitted to proceed. (*Mitford's Pl.* 65. *Binks* v. *Binks*, 2 *Bligh's Rep.* 593.) The complainant, therefore, was not the proper party to appeal after he had sold all his interest to others; and this court will not permit the appeal to be carried on in his name for their benefit.

The appeal must be dismissed with costs.

(*a*) See *Cholmondeley* v. *Clinton*, 4 *Bligh's Reports, O. S.* 45, 90