CaRuthees, J.,
delivered the opinion of the court.
In this case there was a decree at the April Term, 1852, of the chancery court at Jacksborough, settling the rights of all the parties, but a reference to the master to ascertain the extent of the liability of Geo. Delap, one of the defendants, to the complainants. With this question, the other defendants had no connection, and so far as they were concerned, the case was fully disposed of except as to costs, as to which the decree is silent. An appeal was prayed by the defendants, and the court, under the power given by the act of 1835, ch. 3, § 1Y, granted it before the account should be taken and reported by the master as to defendant George, “ upon bond and security being given before the next July *103 rules.” This was not done, but tbe case was afterwards brought up by three of the defendants, Joseph H. Delap and Eeuben Eogers and wife, by writ of error obtained from, the clerk of this court upon filing the' record. Motion is now made to dismiss the case on the ground that it was prematurely and improperly brought up.
The question to be decided is, whether the state and condition of the case in the court below, was such as to render it removable by wnit of error, to this court, according to the rules of practice.
The solution of this question must depend upon the finality of the decree below. It is well settled that neither an appeal or writ of error will lie upon an interlocutory decree, except in the single case provided for in our act of 1835, ch. 3, 0. & N., 23'T. The case here excepted from the general rule, is, that where the principles involved in a case áre determined, and an account ordered, it shall be in the discretion of the court to allow an “ appeal ” before the account is taken. Die Chancellor in this case, granted the prayer of the defendants for an appeal under that' act, upon the condition that the security required by law should be given before the next July rules. This they failed to do, and therefore lost the benefit of the order. Afterwards, three of the defendants prosecuted their writ of error. This is not allowed by the aforesaid or any other statute, nor by the rules of practice, unless the decree made by the court below is a final decree.
It is not always easy to determine whether a decree is interlocutory or final, but upon that distinction this case must turn.
*104 An interlocutory decree is one made in the progress of a cause for the purpose of ascertaining some matter of fact or law, preparatory to a final decree. This is done by a reference to the master, a commissioner or jury, in an interlocutory decree, by the terms of which, the principles governing the rights of the parties, are generally settled, but a more perfect ascertainment of the facts to which they apply, are necessary for a final disposition of the case. Bar. Ch. Pr., 326.
A decree is final when all the facts and circumstances material and necessary to a complete explanation of the matters in litigation are brought before the court, and so fully and clearly ascertained on both sides, that the court is enabled, upon a full consideration of the case made out, finally to determine between them according to equity and good conscience. Bar. Ch. Pi*., 330. 8 Wend. 224. A decree which disposes of the whole merits of the cause, leaving nothing for the future judgment of the court in thé case, which will make it necessary to bring it again before the court for final decision, is a final decree. 7 Paige, 18.
It is said by Judge Spencer, in Jaques vs. The Methodist E. P. Church, 17 John. 558, that “no case can be found in which a decree directing a reference to a master, or a feigned issue, for the purpose of ascertaining any material fact iii the cause, has been held to be a final decree.”
We will not say that a decree may not be final, although it direct a reference to the master. It may be so when it contains all the consequential directions that may depend on the result of the report, when no ' further decree of the court will be necessary in the case.
Note. — The fourth section of the act of 1851-2, ch. 181, above referred to, is in these words: “ That the supreme court, in term time, or either of the judges thereof in vacation, shall have power and authority to grant writs of supersedeas to an interlocutory order or decree, or to executions issuing upon interlocutory orders or decrees in courts of chancery as well as in case of executions issuing upon final decrees. And bond and security may be required by the court or judges to pay the amount of the execution, on the final decision of the case in the court of chancery, or to pay such costs and damages as the opposite party may sustain. And when the supersedeas is issued by the clerk of the supreme court, a copy of the petition and supersedeas shall be filed in the court of chancery, and there remain as part of the record until a final decision of the cause.” — Rep.
In tbe decree before ns, according to tbe foregoing rules, tbe decree was interlocutory, and not final. Tbe case was not finally disposed of as to any of tbe parties, as no disposition was made of tbe costs in tbe cases of those whose rights were settled. As to defendant Geo. Delap, a very material fact was to be ascertained by tbe reference, before tbe case could be ended as to him.
It would certainly be a very inconvenient practice, to allow each of many parties as their rights in a cause should be settled by interlocutory orders and decrees, to prosecute writs of error or appeal to tbe supreme court. Tbe consequence might be, that there would bo a multitude of appeals in tbe same case, coming up at successive terms, and tbe case still progressing in tbe court below. A practice leading to such consequences cannot be tolerated.
If any injury is likely- to result from an erroneous interlocutory order or decree, a remedy is provided by tbe act of 1851-2, cb. 181, §-4, authorizing tbe party to apply to this court in term time, or to any of tbe Judges in vacation for a supersedeas.
Tbe motion to dismiss is sustained.