Anderson v. Faulconer.

————◆◆————

SALLIE M. ANDERSON, Appellant, *v.* THOMAS FAULCONER, Appellee.

1. COVENANT : BREACH OF.—A covenant, "that the covenantor will not set up or establish, or cause to be set up or established, in the same town, a newspaper or printing-press, in opposition to the covenantees," is broken when a new press is established at that place by a third party, who is sole owner thereof, and the covenantor is employed therein as manager of the printing department, *receiving for his compensation a certain portion of the profits.*
2. SAME.—A covenant not set up or establish, in a particular town, a printing-press or newspaper, in opposition to the covenantees, as owners and proprietors of a certain newspaper, specified by name, confers only a personal right to the covenantees, as proprietors of that paper, and is not binding on the covenantor, after the covenantees have ceased to be proprietors of the paper, either by a sale thereof, or by their death.

ON appeal from the District Chancery Court at Holly Springs. Hon. Henry Dickinson, vice chancellor.

The facts are sufficiently stated in the opinion of the court.

*D. Mayes,* for appellant.

*Clapp* and *Strickland,* for appellees.

Mr. Justice FISHER, delivered the opinion of the court.

The complainant filed her bill in the Vice Chancery Court, at Holly Springs, for the purpose of enjoining the defendant from enforcing a certain mortgage executed in August, 1850, by Ander-

son and Stith, upon a printing-press and other personal property in the town of Holly Springs, to secure the defendant in the payment of a certain sum of money therein specified.

The main facts as presented by the record, are as follows: Anderson and Stith purchased from the defendant a printing-press, the furniture connected with the office, the subscription list, good will, &c., "for the sum of two thousand dollars, and executed a mortgage upon the same to secure so much of the purchase-money as was not at the time paid in cash." The defendant at the same time entered into an obligation, which among other things, contained the following covenant, to wit: "And the said Faulconer also hereby agrees with the said Anderson and Stith, that he will not set up or establish, or cause to be set up or established in the town of Holly Springs, any printing establishment in opposition to the said Anderson and Stith, as proprietors of the Holly Springs Gazette." The charge is, that the defendant has broken this covenant, by establishing in the spring of 1851, another press in the town of Holly Springs. The answer denies this allegation. The testimony introduced to sustain it, in substance is as follows: Mr. Stith, a brother of the one associated with Anderson in the purchase of the Gazette press and materials, in the spring of 1851 purchased a printing-press, and commenced the publication of a paper in the town of Holly Springs. Faulconer undertook to manage the printing department in this new establishment, and was to receive for his compensation, one-half of the net profits of the concern, but was in no manner liable for its debts or contracts. This was certainly a violation, if not of the letter, at least of the spirit of his covenant; for whether his name was used or not, he had a direct interest in throwing his entire influence in favor of the office with which he was connected, and in thus diminishing the business of the other office. His compensation was to depend upon the amount of profits made, and hence his interest prompted him to bring as much patronage as possible to the office.

But there is another view taken by counsel as to the construction of the covenant, with reference to other facts, which, we think, must determine the case in favor of the appellee, and it is this: It appears, that about the time this other press was esta-

blished, Stith sold out his interest to Anderson, and that Anderson very soon thereafter died. If, up to this time, a breach of the covenant had occurred, the damages resulting therefrom must have been quite inconsiderable. It is insisted, that when Anderson died, he being at the time the entire owner of the establishment, Faulconer's covenant was at an end. We agree with counsel in this construction of the contract. The language is, that he will not set up a printing-press in the town of Holly Springs, in opposition to the said Stith and Anderson, as owners of the Gazette. They had both ceased to be owners, before the other press can be said to have been set up in opposition to the Gazette. Faulconer said to them, that so long as they continued to be the owners of the establishment, or to conduct the paper, they should not encounter his opposition. The covenant was not, in its nature, one which could survive to the personal representative, for the plain reason, that it would be out of his line of duty to continue the business.

We are, therefore of opinion, that the decree of the court below must be affirmed.

Decree affirmed.