The Chancellor.
By a decree made in this cause, the sale and conveyance of a farm in the county of Sussex, by the administrators of Andrew Cassidy, deceased, on the twenty-seventh of October, 1849, and the reconveyance of said farm to the defendant, who was one of the said administrators, was declared fraudulent as against the heirs of the said intestate, and the defendant was declared to be a trustee of the land so conveyed for the said complainants. And it was by the said decree directed that it be referred to one of the masters of the court “to take an account of the full and fair value of the said farm and premises, at the time of the said sale, at a fair sale, and upon the usual credit; and after deducting from such value the sum of four thousand dollars, for which the defendant had accounted to the estate of the intestate, that the master take and state an account of what remained due from the defendant on account of such purchase.”
The account has been taken pursuant to the order. The complainant excepts to the report of the master on the ground that the farm has been valued too low, and that the true value of the farm at the time of the sale was greater than the sum charged by the master.
The farm contains one hundred and ninety-five acres. At the sale made by the administrator, and which was set aside as fraudulent, it brought but four thousand dollars, or about twenty dollars and fifty cents per acre. The master reports its true value at the time of the sale to be five thousand four hundred and sixty dollars, or twenty-eight dollars per acre. There is much diversity of opinion among the witnesses upon the question of value. Several witnesses, on the part *322 of the complainant, agree in the opinion that the farm was worth at the time of the sale thirty-five dollars per acre. Some of these witnesses are intelligent farmers residing in the neighborhood, well acquainted with the value of the land, and whose attention was particularly called to the farm at or about the time of the sale. "Witnesses, on the part of the defendant, of equal intelligence have placed a. lower value on the farm than that adopted by the master. I think that the weight of the evidence is in favor of a higher valuation than that made by the master, but in view of the great conflict existing in the evidence, and of the superior advantages of the master for judging of the credibility of the witnesses, and of the weight to which their opinions are entitled, I should hesitate under ordinary circumstances to disturb the report. But there are circumstances in this case, aside from the mere balancing of the weight of testimony, which demand a correction of the valuation adopted by the master.
1. Where a sale has been set aside on the ground of an abuse of trust, and the administrator called upon to account for the value of the property, a doubt as to its true value should be resolved in favor of the cestui que trusts. The trustee should not be permitted, by raising doubts by the production of conflicting opinions as to the value of the property, to derive an advantage from his improper dealings with the trust estate, but should rather be compelled to account upon the basis of estimates made by intelligent and reliable witnesses on the part of the cestui que trusts.
2. But all doubt in this case is removed by the fact, that one of the witnesses on the part of the complainant, whose testimony is unimpeached, testifies that at the time of the sale by the administrator he was desirous of purchasing the property; that he had made up his mind to give six thousand dollars for the farm; that a friend had agreed to aid him with funds to make the purchase, and that they had together concluded that the farm was worth six thousand dollars. He is confirmed in this statement as to his inten *323 tion to purchase, and his making preparation for that purpose, by the party who was to furnish the funds, and is fully sustained by other witnesses as to the reasonableness of the price which he proposed to pay. The witness is not impeached ; nor do I see anything in the testimony calculated to discredit his evidence. The fact, then, is established, that at the time of the sale by the administrator there was a party ready and willing to purchase the farm at the price of six thousand dollars. Had the sale been fairly conducted and made upon reasonable terms and with the usual credit the sale would have realized $6000. To that sum, at least, the cestui que trusts are clearly entitled in the taking of the account. Ho matter what diversity of opinion may exist as to the intrinsic value of the property, the trustee is bound, upon clear and well settled principles, to account for so much as would have been realized by his cestui que trusts but for his abuse of trust. The difference between the sum for which the trustee agreed to account, and the price which would have been realized at a fair sale, is the safe and just measure of damages sustained by the cestui que trusts and of unfair advantage gained by the trustee. There can be no more fair gauge of the value for which the trustee should account.
The master’s report must be corrected by fixing the value of the farm at the time of the sale at six thousand dollars, and by calculating interest upon the balance, after deducting the sum for which the defendant has already accounted. There is no need of referring the account back to the master for a restatement nor of setting down the cause for further hearing. The decree, already pronounced, setting aside the sale and directing the account, was a final decree. Mills v. Hoag, 7 Paige 18; 1 Daniell's Ch. Pr. 1199, and note 1; 1 Barb. Chan. Prac. 330.
There was no equity reserved, nor are there any further necessary directions to be given consequent upon the master’s report.