GEORGE H. PITMAN *vs.* JAMES B. THORNTON *et al.*

Cumberland, 1875.—March 8, 1876.

*Equity. Practice. Referee.*

The court, at *nisi prius*, has the power to accept, reject or recommit the reports of masters and referees, in cases in equity, at any time until there has been a final decree.

In practice, the case is not finally disposed of, until a decree has been formally adopted by the court and placed 'on file, in readiness to be spread upon the record.

If a judge at *nisi prius* "as matter of law," allows a motion to recommit a report of a referee, after it has been accepted, exception may be taken to such allowance.

ON EXCEPTIONS.

BILL IN EQUITY, for the redemption of a mortgage.

At the January term of this court, 1874, this case and another case in equity between the same parties reversed, and two actions at law in the superior court with all other matters in dispute between the parties were referred to a single referee. At the April term, 1874, the referee made report in this case that plain-

tiff was entitled to redeem the defendants' mortgage, and that upon the payment by the plaintiff to the defendants of $10,556.25 less the costs of reference $218, and costs of court to be taxed by the court with interest on the balance from May 15, 1874 until payment or tender of payment be made, the defendants should release to the plaintiff said mortgage with all their right, title and interest, as well as that of the testator under the same, including all the repairs and improvements upon the premises therein described made by them or either of them and that the proper decree should be entered accordingly. The docket shows that this report of the referee was received, filed, offered for acceptance, and accepted without objection. After the final adjournment of the term of the court at which the report was accepted, the counsel for the plaintiff entitled to the decree in his favor, drew it, filed it with the clerk, and gave notice thereof to the defendants counsel who filed no "corrections of the decree."

At the April term, 1875, a contention arising as to the form of the decree, the defendants' counsel moved a recommitment to the referee on the ground that the award was not sufficiently certain to effect the purpose, intent and finding of the referee in that by the refusal of the plaintiff to pay the sum which the referee found the defendants entitled to recover, the defendants would lose certain items claimed in their suit at law and disallowed in that suit because included in the award in this equity suit. The plaintiff's counsel objected that the motion for recommitment came too late; that the award having been accepted at a previous term of the court could not lawfully be recommitted. But the presiding justice allowed the motion for recommitment, "as matter of law" and the plaintiff accepted.

*J. Howard* and *N. Cleaves*, for the plaintiff.

I. "Objections to any report offered for acceptance, shall be made in writing and filed with the clerk, and shall set forth specifically the grounds of the objections, and these only shall be considered by the court." Rule of this court, 21st.

The objections, if any such existed, could have been made at that term only, and before the acceptance.

If not then made, they were then waived, by operation of law, and in fact.

II. The report of the referee having been accepted at that term, it could not be afterward recommitted without the consent of all parties.

While the court might accept, reject or recommit the report when offered for acceptance at that term, its power and duties in that respect, were at an end when the acceptance was made and the term closed.

No further fees or costs were taxable after that term.

III. The powers of the referee, as well as his duties to the parties and the court were then exhausted, and the court had no further control over him. He was *functus officio*, and surely could not be resuscitated after two full terms had intervened, and a third term was just expiring.

Strictly speaking, and in fact, the case was not pending in court, after the April term, 1874. It stood upon the docket of the court after that term, only for entry of such decree and judgment as might be ordered in vacation by any member of the court, under the 19th rule of the court in chancery practice.

It stood like a case where a verdict has been rendered by a jury, and accepted without objection, and the jury had been discharged and the term closed, and when it only remained for judgment to be entered by the clerk, with or without an order from any member of this court, as of that term.

In such a case the relations between the court and jury would have been terminated, and could not be revived.

And so in this case, *mutatis mutandis,* in respect to the award, the referee and the decree.

"When the report is accepted, judgment shall be entered thereon as in case of submissions by rule of court," &c. R. S., c. 108, § 5.

"If the report is accepted, the consequence is a judgment in conformity with it. There can be no variation from it." *Commonwealth* v. *Pejepscot Proprietors,* 7 Mass., 413.

The court "can neither enlarge nor diminish, being only an instrument to execute what the referees have previously determined." Ibid.

The power of arbitrators and referees is exhausted when they have once finally determined matters before them. *Bayne* v. *Morris*, 1 Wallace, U. S., 97, citing Russell on Arbitration, 135.

And after such determination has been accepted by the court, it has no more power to authorize any further or other award without the consent of the parties, than it would have to authorize an award without a submission. Morse on Arbitration and Award, 226.

IV. But the defendants, not having complied with 19th rule of the court in chancery practice—in that they did not file "corrections of the decree" and give notice thereof, as required by that rule—were not in a condition to object to the decree filed by the plaintiff, and were not entitled to file a motion for recommitment. They had voluntarily sacrificed or waived that right, and were estopped from making such motion. They have contested the decree offered by the plaintiff; and before that had been passed upon by the member of the court to whom it was submitted, this motion was irregular and illegal.

V. If there should be a recommitment of any of the cases, all should be recommitted. This, however, cannot be done by this court, as two of the cases were referred in the superior court.

*A. A. Strout* and *G. F. Holmes*, for the defendants.

I. In all proceedings in equity interlocutory decrees are at all times within the control of the court. No appeal lies from them, and they may be recalled and reversed at any time before a final decree is signed and filed. *Park* v. *Johnson*, 7 Allen, 378. *Perkins* v. *Fourniquet*, 6 How, 206. *Fourniquet* v. *Perkins*, 16 How, 82.

II. Even in a common law proceeding the court may recommit, for good cause, after acceptance has been noted upon the docket. Such a recommittal is proper where otherwise the party would be sent to a writ of review. *Maybury* v. *Morse*, 39 Maine, 105.

PETERS, J. This is a bill in equity, and the cause was referred under an ordinary rule of court. An award was returned and accepted, at *nisi prius*, in Cumberland county, at the April term of court in 1874. The referee stated his conclusions merely, and

determined "that the proper decree be entered accordingly." No form of decree being decided upon by the referee, it was necessary that one should be passed upon and settled by the court. Questions arose between the parties, as to what the form of the decree should be, and none having been adopted, at the April term of the court in 1875, upon motion of the respondents, the whole case was again sent to the referee. The presiding justice allowed the motion for recommitment, "as a matter of law," in order to afford to the complainants an opportunity to except thereto. (See *Rowell* v. *Small*, 30 Maine, 30). So that this question is precisely presented: Had the court the legal power to exercise the discretion to recommit?

The award of a referee, in a suit in equity, stands upon the same footing as a master's report, except that more authority is usually conferred upon a referee than upon a master. In either case the court has the power to accept, reject or recommit reports, according to the exigencies demanding its interference, at any time until there has been a final decree. *Asp* v. *Warren*, 108 Mass., 587. *Mayberry* v. *Morse*, 39 Maine, 105. The complainants, however, contend that the acceptance of the award in 1874, and the adjournment of that term of the court, *sine die*, operated as a final disposition of the case, equivalent to the effect of a final decree; and that after that time there was no remedy open to the respondents but by a new and independent proceeding through a bill of review.

According to the general practice in English chancery, and wherever that practice is adopted by any of the United States, proceedings are regarded as at an end in a case, when the decree has been signed and enrolled. The enrolled decree is the sentence and final decision of the court. It is then a record. It can then be pleaded as a bar or estoppel, and execution can issue upon it. In our practice, (where decrees are not enrolled,) a final decree and judgment thereon are considered as equivalent to an enrolment, and have the same effect; and a decree is regarded as recorded, when formally drawn out and finally adopted and placed on file, although it may not be spread upon the records until some time afterwards.

It is apparent enough that there had not been a final disposition of the case at bar. If the referee had dictated what the form of the decree should be, it might have been so. But while he determined the fact that the complainants might redeem the mortgaged premises upon the payment of a certain amount, no time was fixed by the referee within which such payment should be made or the right of redemption be lost as a consequence of nonpayment, and those matters were left by him to be perfected by the subsequent action of the court. The case was properly retained upon the docket till the pending questions had become adjudicated. There had been no final decree. There was no decree at all. There had been merely an award that there should be a decree. This conclusion is abundantly supported and illustrated by the following authorities. The other points, raised by the learned counsel of the complainants, in this view, become unimportant. *Stone* v. *Locke*, 48 Maine, 425. *Clapp* v. *Thaxter*, 7 Gray, 384. *Thompson* v. *Goulding*, 5 Allen, 81 ; *Park* v. *Johnson*, 7 Allen, 378. *Mills* v. *Hoag*, 7 Paige, 18. Barb. Ch. Prac., vol. 1, 356, *et passim*. 2 vol., Dan. Ch., 175.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred. DANFORTH, J., did not sit.