# Richmond.

CASTLEMAN v. BERRY AND ALS.

FEBRUARY 6th, 1890.

Absent, Lewis, P., and Fauntleroy, J.

TRUST DEED—*Real beneficiary—Suit to enforce—Demurrer—Case at bar.*—Bill to enforce trust deed filed by the *real*, not the *nominal*, beneficiary, according to averments of the bill, is demurred to: *held,* demurrer should have been overruled.

Appeal from decree of circuit court of Alexandria county rendered June 30, 1887, in the chancery suit wherein the appellant, Charles M. Castleman, was complainant and B. H. Berry and others were defendants. Opinion states the case.

*A. W. Armstrong,* for the appellant.

*S. Ferguson Beach,* for the appellee.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Alexandria county rendered on the 30th day of June, 1887. The bill was filed in this case on the 5th day of January, 1881, by Charles M. Castleman, the appellant, against the appellees, to enforce against the lands therein conveyed, a trust deed executed to Richard Williams on the 16th day of May, 1860, to secure the payment of the sum of $473 09 to the *appellee,*

*S. D. Castleman.* The bill alleges that the complainant, Charles M. Castleman, lent the money secured in the deed to the grantor, Williams, and that the conveyance was made to secure the debt to Stephen D. Castleman, the name of Stephen D. Castleman, being used in the conveyance upon the mutual agreement of the grantor and the creditor, for convenience, and by the consent of the said Stephen D. Castleman, who gave his check for the amount to the creditor, Charles M. Castleman, to show the transaction with the understanding, however, that the said check was not to be collected, and that it was never collected, and that the debt, or any part of it, has never been paid. That the land has been sold and is held now in parcels by several named purchasers, and that Williams is dead and insolvent, but his administrator has been made a party. The bill stands confessed as to Williams' administrator, and Stephen D. Castleman. But the purchasers now holding the land appear and demur to the bill and answer. Some of them allege in their answer want of all notice, actual or constructive; others the want of actual notice. The circuit court sustained the demurrer and dismissed the bill, whereupon the appellant applied for and obtained an appeal to this court.

The question raised by the demurrer is whether the complainant, Charles M. Castleman, can enforce for his own benefit the security given in the name of another person. It is insisted, on the part of the appellant, that the conveyance to S. D. Castleman was without fraud, open and fair, and in good faith, leased upon a valuable consideration, and was by mutual consent, and as such is enforceable, as made, in the name of Stephen D. Castleman, and by the admissions of all the parties to the deed; and, as is susceptible of abundant proof, Charles M. Castleman was the real owner of the debt secured and the real creditor; that the deed is enforceable for his benefit. The appellee insists that the debt secured by the deed was a fictitious debt, and that the deed was no deed, and cannot be

enforced against subsequent purchasers without other notice than such constructive notice as was given by the recordation of the deed.

The question is here upon the demurrer only, the court below having sustained the demurrer and dismissed the bill. So the whole case before us for determination upon this appeal is whether, upon the case as stated in the bill, the complainant is entitled to the relief sought. All the statements of the bill are admitted, and the bill stands confessed as to all, so far as this goes. Under the stated circumstances, can the deed be enforced for the benefit of the real creditor, in whose name the suit is brought, and the *cestui que trust* named in the deed is made a defendant, who does not deny the truth of the bill? In equity, the real party in interest must be the complainant, and all parties in interest must be before the court, either as plaintiffs or defendants; and it is immaterial that the interests of the defendants are in conflict with each other, or that some of their claims are identical with the claims of the plaintiffs. Equity deals with the real parties in interest. *Jeffress* v. *Clark*, 5 Va. Law Jour., 521. If the allegations of the bill are true (and they are true for our purposes now), why should not this agreement be enforced according to the admitted intentions of the parties to it, in order to the payment of a just debt? Subsequent purchasers, who bought with full and adequate notice (such as the law prescribes), would seem to stand in the shoes of their vendor; but upon that, or any similar question, we render now no decision. No such question arises under the demurrer, unless, as is suggested, the name of the *cestui que trust* in the deed affected the question of notice—which is not maintainable. We find nothing in conflict with these views in the case of *Hunt* v. *Rousmaniere's Administrators*, 1 Peters, 1, relied on at bar. It is there said by the learned justice, "The execution of agreements fairly and legally entered into is one of the peculiar branches of equity jurisdiction; and if the instrument which is intended to exe-

cute the agreement be, from any cause, insufficient for that purpose, the agreement remains as much unexecuted as if one of the parties had refused altogether to comply with his engagement; and a court of equity will, in the exercise of its acknowledged jurisdiction, afford relief in the one case, as well as in the other, by compelling the delinquent party fully to perform his agreement according to the terms of it and to the manifest intention of the parties." And again : " Equity may compel the parties to perform their agreements, when fairly entered into, acccording to their terms; but it has no power to make agreements for parties, and then compel them to execute the same." It is not asked here that some other agreement be executed by the court, but that this one be enforced according to the true agreement of the parties : that is, that this deed, standing in the name of Stephen D. Castleman, be enforced at the suit of, and for the benefit of the complainant, Charles M. Castleman, the real creditor and the real party in interest, according to the acknowledged agreement between the parties. The suit is properly brought, and the case made in the bill is one which should be sustained, and relief granted according to the right. *Kellam* v. *Sayer*, 30 W. Va., 198; *Field* v. *Maghee*, 5 Paige, 540; *Mason* v. *York R. R. Co.*, 52 Me., 82. And we are of opinion that the demurrer should have been overruled. The circuit court of Alexandria county having decided otherwise, the said decree must be reversed and annulled, and the cause remanded for further proceedings, in order to a final decree.

HINTON, J., dissented.

DECREE REVERSED.