𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CAMPBELL V. SHIPMAN.

April 16th, 1891.

Absent, Hinton, J.

PARTIES—*Assignment of Interest.*—In equity all persons interested must be made parties either plaintiff or defendant. The real party in interest must be complainant. When by sale or operation of law, his interest becomes vested in another, the assignee must become a party by original bill, in the nature of a supplemental bill, before he can proceed, and the suit cannot go on for his benefit in the name of the assignor.

Appeal from decree of circuit court of Alexandria city, rendered February 14th, 1890, in a chancery cause wherein the appellant, Peter Campbell was complainant, and John J. Shipman and Priscilla, his wife, and Joseph A. Rice for defendants.

The bill alleged that Campbell was the creditor of John J. Shipman to the amount of certain notes of said Shipman set forth in the bill, endorsed by one William Fletcher, which had been by the said complainant discounted in due course of his business as a banker and broker, and, as such creditor, seeking to set aside as fraudulent a deed executed by the said John J. Shipman to the said Rice, without consideration deemed valuable in law, by which certain real estate was conveyed to the said grantee, and to set aside also a deed forthwith made by the grantee, Rice, to the wife of his grantor, the said Priscilla J. Shipman.

The defendant, John J. Shipman, answered, and admitted the debts, but claiming credit thereupon; admitted the voluntary character of the deeds in question, but denied any fraudulent intent in their execution, and alleged a sufficiency of other property to pay all his debts. A decree was rendered subsequently (the record does not disclose when), referring the cause to a commissioner to take an account of the debts of John J. Shipman existing at the date of the voluntary deed aforesaid, and an account of liens, if any, on the real estate in question.

Here the matter rested, and nothing was done until November 7th, 1884, when a decree was entered whereby, by the consent of parties, the cause was removed to the circuit court of Alexandria city.

Nothing more appears to have been done in the cause until March 28th, 1888, when a decree was again entered, by consent of parties, submitting the cause to the judge of the circuit court for decision and decree therein in vacation. And it was further ordered that the said cause be referred to John S. Fowler, a special commissioner, to take proofs and make report thereon to the court *with all convenient speed.* The special commissioner was sufficiently expeditious to make a report in the cause on the 1st of August, 1889; the defendant, Shipman, in the meantime, having made a motion to dismiss on March 2d, 1889, for want of prosecution. The commissioner reported a large amount of testimony in the form of depositions taken before him and others, and reports that it is very difficult, in the midst of such conflicting evidence, and in the absence of reliable data, to report the condition of the accounts between Campbell and Shipman, but that there was a controversy pending between Shipman and Fletcher, the endorser of these notes, who had been partners in business, and that these notes had been withdrawn from the papers in this suit, and filed by Fletcher in the papers of the Shipman and Fletcher suit, where a settlement of the partner-

ship accounts of Shipman and Fletcher was proceeding, upon the claim by Fletcher that, as endorser of these notes, he had paid them to Campbell, and that they thus became a charge against Shipman as the maker and first liable therefor, in favor of Fletcher. And Campbell also proves that he had kept enough money belonging to Fletcher on deposit with him to pay these notes, and had then given up the notes to Fletcher. Fletcher testified that he had paid these notes to Campbell, and Campbell testified that he had collected them out of Fletcher's money.

By a decree entered in the cause in September, 1889, this report was recommitted to the same commissioner, who again reported January 10th, 1890, wherein, among other things, he reports that Fletcher, the endorser, has paid the notes in question, and has them in his possession, and that if Fletcher is allowed to prosecute this suit in the name of Campbell, who has no interest in it, that then charging Shipman with the notes which he owes to Fletcher, in the personal transactions between Campbell and Shipman; then, in view of the *conflicting oral* and somewhat *uncertain documentary evidence*, he finds Shipman indebted to Campbell, by virtue of these notes, $2,401.21, with interest from January 10, 1877.

To all this the circuit court responded on the fourth day of February, 1890, by rendering a decree dismissing the bill of the plaintiff with costs. From this decree this case is here by appeal. The appellee appears here and moves to dismiss the appeal upon the ground that the appellant, Peter Campbell, has no interest in the suit, and cannot prosecute the appeal for the benefit of another.

*A. W. Armstrong and Ed. Burke,* for the appellant.

*W. Willoughby,* for the appellee.

LACY, J. (after stating the case), delivered the opinion of the court.

It is a concession in the case that the appellant in this case (the plaintiff in the circuit court) has no interest whatever in any recovery which might be had in this case. The notes sued on were executed by Shipman and endorsed by Fletcher, and purchased by Campbell, Shipman and Fletcher being at that time partners in business, contractors on the public and other works of the District of Columbia.

The matters of business between Shipman and Fletcher had resulted in litigation, and had at one time been submitted to arbitration, and there had been an award, which gave to Fletcher $1,291.96 in full of all demands up to February 7th, 1877. And Fletcher appeared at one time in this suit and filed this award against Shipman, but Shipman instituted suit in the circuit court of Alexandria city to set aside the award for misconduct of the arbitrators, and for other causes, in which he finally succeeded, and which may be found reported in 82 Va., 601.

The suit between Shipman and Fletcher, after the award had been finally set aside, was proceeded with in the said court, where it still is. In this suit, which is for the settlement of the partnership accounts and dealings of the said Shipman and Fletcher, the said Fletcher has filed the notes sued on in this suit by Campbell, and there he has claimed them as a credit against Shipman because he has paid them, whereas Shipman, as maker, was primarily bound for their payment. What the result of this suit is, or will be, we do not know. But upon the ground that Campbell has no interest in this suit, and that he is sole plaintiff and sole appellant, the appellee, Shipman, moves the court to dismiss this appeal. The said Fletcher is not a party to this suit, either as plaintiff or defendant, but counsel appear here, as they did in the circuit court, and claim to represent Campbell for the benefit of Fletcher, who is the party alleged to be the real party in interest. It is a general rule in equity that every party interested in any suit must be made a party to the suit either as plaintiff or defendant, and

the real party in interest must be the complainant; and it is inmaterial that the interests of the defendants are in conflict with each other, or that some of their claims are identical with those of the plaintiff  Equity deals with the real parties in interest. *Castleman* v. *Berry*, 86 Va., 606; *Kellam* v. *Sayer*, 30 W. Va. Rep., 198; *Field* v. *Maghee*, 5 Paige, 540; *Mason* v. *York River R. R. Co.*, 52 Me., 82; *Mills* v. *Hoag*, 7 Paige Ch., 18; 2 Dan. Ch. Pr., 1517, note; *Johnson* v. *Thomas*, 11 Beavan, 501; *Solomon* v. *Solomon*, 13 Simons, 516.

In *Mills* v. *Hoag, supra*, it was said by Chancellor Walworth : "But even if purchases of this kind (purchase of the plaintiff's interests) were both legal and meritorious, the right of appeal is gone, and cannot be restored by amendment, *as the appeal is not in the name of the proper parties.* In this court the proceedings must be carried on in the names of the real parties, so far, at least, as the rights of the complainant are concerned, although there has been a change of interest subsequent to the commencement of the suit; but the rights of the adverse party cannot be prejudiced by any sale of the subject-matter of the suit, merely voluntary, *pendente lite.* When the complainant sells his whole right in the suit, or it becomes wholly vested in another by operation of law, whether before or after a decree, if there is to be any further litigation in the case, it cannot be carried on in the name of the original complainant by the person who has acquired the right. And if the complainant's interest is determined by voluntary assignment, the assignee must make himself a party to the suit by an original bill, in the nature of a supplemental bill, before he can be permitted to proceed. Mitford's Pleading, 65. The complainant, therefore, was not the proper party to appeal after he had sold all his interest to others; and this court will not permit the appeal to be carried on in his name for their benefit."

In *Johnson* v. *Thomas, supra*, Lord Longdale, Master of the Rolls, said : "The suit is clearly defective. How is it possible to proceed with it in its present form when the subject has been

transferred to a person who is not a party? The defendant, in truth, is called on to combat a shadow, and not the real opponent. It is not possible to make any decree with the knowledge of this fact."

In *Solomon* v. *Solomon, supra,* Vice-Chancellor Shadwell said: "Here I find the fact that all the adult plaintiffs have parted *pro tanto* with the whole of their interest to a mortgagee; and my opinion is that, unless their mortgagee is made a party, the suit cannot proceed."

It is clear that Campbell has no interest in the notes sued on, and that, not being a creditor of Shipman, he has no interest to serve in setting aside the voluntary deeds made by Shipman to Rice, and that he was not aggrieved by a decree dismissing a bill in which he had no interest, and that his appeal here cannot be sustained; but it is equally clear, and for the same reasons, that the circuit court did err in dismissing the bill in the cause. Campbell had no just claim of any sort against Shipman on the notes sued on, which have been paid in full and surrendered by him to a person not a party to this suit, and who would not, therefore, be affected by any decree rendered in the cause. Campbell is without any legal demand against any defendant in the cause, and he is the sole plaintiff. It was therefore right to dismiss his bill, and there was no error in the said decree of the circuit court to that end, and the same will be affirmed.

RICHARDSON, J., dissented.

DECREE AFFIRMED.