Wytheville.

PENN & OTHERS *v.* HEARON.

July 8, 1897.

Absent : BUCHANAN, J.*

1. CHANCERY PLEADING—*Suit by assignor for benefit of assignee.*—The assignor of a chose in action, secured by a vendor's lien reserved on real estate, cannot sue in equity for the benefit of his assignee to enforce the lien. The assignment carries no interest in the land. The complainant in equity must be the party owning the beneficial interest.

Appeal from a decree of the Circuit Court of Washington county, pronounced October 15, 1896, in a suit in chancery wherein D. S. Hearon suing for the benefit of A. S. McNeil, was the complainant, and the appellants were the defendants.

*Reversed.*

*White & Penn,* for the appellants.

*John E. Burson,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Washington county overruling a demurrer to the bill filed by the appellee, D. S. Hearon, for the benefit of A. S. McNeil, to enfore a vendor's lien against certain real estate theretofore sold and conveyed by Hearon to the appellants. The amount claimed, $1,381.66, with interest, is evidenced by a bond executed by appellants to Hearon, May 5, 1890, payable twelve months after its date.

* Judge Buchanan had been counsel in the Circuit Court.

The bill alleges that Hearon had parted with his interest in the bond, having sold it to McNeil for value received, and had assigned it to him, as appears by the bond, with the assignment thereon, made an exhibit with the bill.

The sole question presented therefore is: Can an assignor of a chose in action, secured by a vendor's lien reserved on real estate, sue in equity to enforce the lien, for the benefit of his assignee?

An assignee of a vendor's lien is an assignee of a mere chose in action, and the assignment carries no interest in the land upon which the debt is secured. *Gordon, Assignee* v. *Rixey*, 76 Va. 694.

The assignor of such a debt therefore has merely a barren legal title, while the beneficial interest is in his assignee, who must be a party to the suit. Equity deals with the real parties in interest and if they are not before the court no proper decree can be made. *Castleman* v. *Berry et als*, 86 Va. 604; *Campbell* v. *Shipman*, 87 Va. 655; *Grove* v. *Judy*, 24 West Va. 294; *Kellam* v. *Sawyer*, 30 West Va. 198; *Field* v. *Maghee*, 5 Paige 539; and *Rodgers* v. *Traders Ins. Co.*, 6 Paige 583 and 598.

In a note to the case of *Kane* v. *Mann*, decided by this court and reported in 2 Va. Law Register 433, the learned and lamented editor (Judge Burks) says that it has been decided by many cases, and seems a well settled rule, that the complainant must be the party owning the beneficial equitable interest, and that he cannot sue for his benefit in the name of another who has a mere barren legal title.

The decree of the court below overruling the demurrer of the appellants to the bill filed in this cause must be reversed and annulled, and this court will enter such decree herein as that court should have entered, sustaining the demurrer and dismissing the bill, with costs to appellants.

*Reversed.*