6

# Richmond

## MICHAEL H. BURCHELL v. CAPITOL CITY DAIRY, INCORPORATED, ET AL.

March 24, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Chinn, JJ.

The opinion states the case.

*Albert V. Bryan* and *William S. Snow*, for the appellant.

*Charles Henry Smith* and *E. Joel Treger*, for the appellees.

EPES, J., delivered the opinion of the court.

The bill in this case prays for an injunction against Burchell. It contains no other prayer for relief, not even a prayer for general relief. The salient facts determinative of this appeal are as follows:

Michael H. Burchell and Clarence V. Horner had organized and were operating the Loudoun Farms Dairy Company, Incorporated, which was doing a dairy business in the District of Columbia. They owned all its outstanding capital stock, each owning one-half of the stock.

They entered into a written contract, dated October 2, 1929, with F. L. Oyster by which they agreed to sell to Oyster all the outstanding capital stock (3,000 shares) of this corporation for $26,055.00 and certain other considerations. · In this contract Burchell and Horner each covenanted that he would not, directly or indirectly, engage in the dairy business in, or within fifty miles of, the city of Washington for a period of ten years.

In making purchase of this stock Oyster was acting for an undisclosed principal, the Capitol City Dairy, Incorporated, which was engaged in the dairy business in the District of Columbia. Oyster immediately assigned all his rights in and under this contract to Capitol City Dairy, Incorporated, which soon thereafter caused the Loudoun Farms Dairy, Incorporated, to be dissolved.

In April, 1930, Burchell accepted employment as manager of the Alexandria Dairy Products Company, Incorporated, a corporation doing a dairy business in the city of Alexandria, Virginia, and was so engaged when the bill in this cause was filed.

In September, 1930, Capitol City Dairy, Incorporated, and F. L. Oyster filed their bill in this cause to enjoin Burchell from breaking his covenant above mentioned.

On January 26, 1931, Burchell filed his answer in which he set up the defense that his covenant not to engage in the dairy business was unenforceable by either Oyster or his assignee, the Capital City Dairy, Incorporated, because it constituted an unlawful restraint of trade.

The answer also alleged, and the stipulation of facts upon which the cause was heard established, these further facts:

The Capitol City Dairy, Incorporated, had sold all its corporate assets, including its good will, to the Chevy Chase Dairies, Incorporated (a Delaware corporation), incorporated to do a retail and wholesale dairy business in the city of

Washington, whose stockholders are persons other than the stockholders of Capitol City Dairy, Incorporated. Though it is not expressly so stated, the inference from the record is that this sale had taken place after the institution of this suit. The Capitol City Dairy, Incorporated, still exists as a corporation, but is not engaged in the dairy business; and is preserving its corporate existence "purely for the purpose of winding up pending suits and other unfinished litigations." The business done by the Chevy Chase Dairies, Incorporated, is "identical with" that formerly done by Capitol City Dairy, Incorporated.

So far as the record discloses, Chevy Chase Dairies, Incorporated, has never become or been made a party to this suit in any way, or taken any part in the prosecution thereof, nor have the pleadings been endorsed to show that the suit is being prosecuted by it or on its behalf. The record does not show that Oyster guaranteed to Capitol City Dairy, Incorporated, that the covenant of Burchell was enforceable or assumed any obligation to enforce or procure the enforcement thereof, or that Capitol City Dairy, Incorporated, made any such guarantee or assumed any such obligation when it made the sale to Chevy Chase Dairy, Incorporated.

On February 12, 1931, the court entered its decree permanently enjoining Burchell from engaging in the dairy business in, or within fifty miles of, the city of Washington, during the period of ten years from October 2, 1929; and therein ordered him to cease all connection with the Alexandria Dairy Products Company, Incorporated. From this decree Burchell has appealed.

There are several assignments of error; and most of the argument of counsel is addressed to the question, is the covenant of Burchell here sued upon an enforceable covenant? But it can serve no useful purpose to discuss this question here, and in the state of the record here before us the court

should not undertake to pass upon this question, because at the time the final decree was entered, there was no person before the court who was then entitled to have the covenant enforced, assuming that it is enforceable.

The general rule is that to be valid a covenant by a vendor of a business not to engage in trade must be ancillary and incidental to the main purpose of the transfer of the business sold, and made in protection or support of the business transferred; and that it has no vitality or validity apart from the business transferred. 2 Elliott on Contracts, section 814; *Klaff* v. *Pratt*, 117 Va. 739, 86 S. E. 74; *Anderson* v. *Faulconer*, 30 Miss. 145; *Palmer* v. *Toms*, 96 Wis. 367, 71 N. W. 654. There is nothing in this case which takes it out of the general rule.

Such a covenant is assignable by the purchaser of the business, even though it does not run to the purchaser and his assigns; and if the purchaser in turn sells the business, including his good will, the covenant passes as an appurtenance of or an incident to the business sold by the purchaser without a specific assignment thereof, or of the contract in which it was made. *Haugen* v. *Sundseth*, 106 Minn. 129, 118 N. W. 666, 16 Ann. Cas. 259, and cases cited in note thereto at page 261, *et seq.; Sickles* v. *Lauman*, 185 Iowa 37, 169 N. W. 670, 4 A. L. R. 1073, and cases cited in note thereto at page 1078, *et seq.; Cowan* v. *Fairbrother*, 118 N. C. 406, 24 S. E. 212, 32 L. R. A. 829, 54 Am. St. Rep. 733.

This is a pure bill for injunction; and when Oyster assigned the contract with Burchell to Capitol City Dairy, Incorporated, he lost all right to enforce by injunction the restrictive covenant of Burchell; and when Capitol City Dairy, Incorporated, sold all its corporate assets, including its good will, to Chevy Chase Dairies, Incorporated, it lost all its right to enforce by injunction the restrictive covenant of Burchell. *Knowles* v. *Jones*, 182 Ala. 187, 62

So. 514; *Palmer* v. *Toms*, 96 Wis. 367, 71 N. W. 654; *Anderson* v. *Faulconer*, 30 Miss. 145; *Gompers* v. *Rochester*, 56 Pa. St. 194. If either of the complainants then had any cause of action against Burchell it was for damages for past breaches only.

Had Capitol City Dairy, Incorporated, sold its corporate assets and good will prior to the institution of this suit, it would have been necessary to dismiss the bill because neither of the complainants had any interest which he was entitled to have protected. (See cases cited in paragraph above.) When this sale by the Capitol City Dairy, Incorporated, took place during the pendency of the suit, and that fact was pleaded and established by the proof, the court in the absence of any request that the new party in interest be substituted for the Capitol City Dairy, Incorporated, should have dismissed the bill for the same reason. *Smith* v. *Brittenham*, 109 Ill. 540; *Mills* v. *Hoag*, 7 Paige (N. Y.) 18, 31 Am. Dec. 271; *Bailey* v. *Smith*, 10 R. I. 29; *Campbell* v. *Shipman*, 87 Va. 655, 13 S. E. 114; *Penn* v. *Hearon*, 94 Va. 773, 27 S. E. 599; *Ellis* v. *Whitacre*, 106 Va. 1, 54 S. E. 993; *Barr* v. *Clayton*, 29 W. Va. 256; 11 S. E. 899; *Gaston* v. *Plum*, 14 Conn. 344; *Sartain* v. *Davis*, 323 Ill. 269, at page 275, 154 N. E. 101.

The decree complained of will be reversed, and final order here entered dismissing the bill of the complainants, without prejudice to the right of Chevy Chase Dairies, Incorporated (a corporation incorporated under the laws of Delaware), in the premises.

*Reversed.*