**Wytheville.**

HANBY'S ADM'R V. HENRITZE'S ADM'R.

August 2d, 1888.

1. SURETIES—*Primary—Secondary—Subrogation —Case at bar.*—Land of executor in arrears to legatees of testator, was sold in suit on his executorial bond, for enough to pay their demands. He became purchaser and gave bond with sureties. He failed to pay the bond. His executorial sureties had to pay the legatees;

HELD:

> The latter, being only secondarily bound, and having paid what the sureties for the purchase-money were primarily bound to pay, they are entitled to be substituted to the legatees' rights, and to be compensated by those primarily bound.

2. IDEM—*Principal's insolvency—Evidence.*—Insolvency of principal debtor is sufficiently shown by the sale of his lands at auction and the return of execution unsatisfied.

3. CHANCERY PRACTICE—*Amended bills—New case.*—Supplemental bills are not allowed for the purpose of introducing a completely new case, but may be for the purpose of obtaining an entirely different relief.

4. HOMESTEAD.—*Assignment—Expiration—Amendment of bill.*—After expiration of the exemption, the homestead may be subjected by creditors; and when such exemption expires pending a bill to sell the reversion of the homestead, the bill may be so amended as to pray for a sale of the entire estate.

5. IDEM—*Expiration—Liability—Constitution.*—Code 1873, ch. 183, § 8, declares that the homestead shall continue after householder's death for benefit of his widow and children until her marriage or death, and the children become of age; and, after its expiration, allows the property to be sold for all his debts accrued before or after the homestead was set aside, and is not unconstitutional.

Appeal from decree of circuit court of Washington county, rendered February 22d, 1887, in a chancery suit wherein Jona-

than T. Hanby's administrator was complainant, and James Henritze's administrator and others were defendants. The object was a re-assignment of homestead and a sale of the reversion. Decree being for defendant, complainant appealed. Opinion states the case.

*Daniel Trigg,* for the appellant.

*F. T. Barr,* and *White & Buchanan,* for the appellees.

1. Appellant, who was complainant in the court below, was not entitled to subrogation; 1st. Because of the character of the claim. 3 Minor's Institutes, 394–5; *Rosenbaum* v. *Goodman,* 78 Va. 121, *et seq.* 2d. Because the bills and proceedings do not show the debt claimed could not have been made out of the principal debtors. *McCormick* v. *O'Bannon,* 3 Munf. 484 and 487; *Rainey* v. *Yarborough,* 38 Am. Dec. 681. 3d. Because the question of subjecting the homesteads of H. M. Millard and James Henritze, deceased, was *res adjudicata* (see Record, p. 23). Wells on Res Adjudicata, sec. 5, p. 4; *Withers' Adm'r* v. *Sims,* 80 Va. 651.

II. Complainant had no ground for relief when he filed his original bill (*Patterson* v. *Rockwell,* 10 Va. L. J. 374, and cases cited; *McAllister* v. *Bodkin,* 76 Va. 809); and having no cause of action then, appellant could not file an amended and supplemental bill for causes of action arising thereafter. *McComb* v. *Lobdell,* 32 Gratt. 185; *Belton* v. *Apperson,* 26 Gratt. 207; *Straughan* v. *Hallwood,* 4 So. E. Rep. 404.

LACY, J., delivered the opinion of the court.

The case is as follows : On the 24th day of March, 1862, Jonathan T. Hanby became one of the sureties upon the bond of Samuel H. Millard, as the executor of the estate of John Worley, deceased, with Archimedes Davis and John Ryburn as his

co-sureties. John L. Worley and Anna A. Stevens, who were beneficiaries under the will of John Worley, brought their suit against the said Samuel H. Millard and his sureties in the circuit court of the United States for the western district of Virginia, where a decree was obtained against the said Millard and his said sureties; and a decree was rendered for the sale of the said Millard's land. The land was sold under the court's decree for an amount sufficient to pay the said decree in full, and the said Samuel H. Millard became the purchaser, and executed bonds for the purchase money, with H. M Millard and James Henritze as his sureties thereon. The said Millard, holding his said land as purchaser, again defaulted—this time in the payment of his bonds—and upon suit, the first bond falling due, there was judgment obtained, and execution issued, and only a small amount realized; whereupon the land was again sold by proper proceedings, and this time sold for much less than enough to pay off the said debt; whereupon proceedings were taken against the said H. M. Millard and James Henritze to recover the residue due upon the purchase-money bonds upon which they had become securities upon the first sale of the land of Millard; whereupon they claimed their homestead exemption, which was allowed to them; and, there being then nothing more to be made out of them, the beneficiaries, under the will of John Worley, proceeded against the securities of the said Samuel H. Millard on his executorial bond, the said Jonathan T. Hanby, Archimedes Davis, and John Ryburn, to recover the residue of their claim against the said executor still due to them, and the said residue was recovered and paid to the said beneficiaries under the Worley will, by the said Hanby and Davis and Ryburn, the securities on the executorial bond of the said Samuel H. Millard, executor of the said John Worley, deceased. The said Jonathan T. Hanby then, in his life-time, filed the bill in this cause, alleging that property in excess of the amount allowed by law had been assigned and set aside, under the said homestead proceeding, to the said H. M. Millard, praying for a

re-assignment of homestead in Millard's case, and a sale of the reversion in both Millard's and Henritze's case. The said Henritze departed this life pending these proceedings, as also his widow; and, his youngest child coming of full age, an amended bill was filed, praying that the same might be heard along with a creditors' suit which had been brought by R. Boyd, for, etc., against James Henritze's administrator, and that the claim of the said Hanby might be allowed against the said Henritze's estate, in the order of its priority, and for an injunction to restrain the sale of Henritze's real estate until that was done; which injunction was awarded, but subsequently, upon demurrer, on the 22d of February, 1887, a decree was rendered in the cause, sustaining the said demurrer and dismissing the bill. Whereupon the said appellant, James F. Hanby, administrator of Jonathan T. Hanby, applied for and obtained an appeal to this court.

The grounds upon which this decree is sought to be sustained are: (1) That the appellant had no cause of action against the appellee by reason of the circumstances above recited; (2) because it does not appear that the debt could not have been made out of the principal debtor, Samuel H. Millard; (3) because the question of subjecting the homestead of H. M. Millard and James Henritze was *res adjudicata;* (4) because the complainant had no ground for relief when he filed his original bill, and, having no cause of action then, appellant could not file an amended and supplemental bill for causes of action arising thereafter.

As to the first ground cited above, the claim is that the sureties on the executorial bond of Millard had no claim for compensation against the sureties on the purchase-money bonds at the sale of the debtor's land. But it is insisted by the appellant that the sureties on the purchase-money bonds, by their act in becoming such, became primarily liable for the payment of the decrees against their principal; and, the said sureties on the executorial bond being thus secondarily liable to the creditors,

and having been compelled to pay the debt, or such part as remained unsatisfied, they are entitled, so far as they have so paid, to be substituted to the rights of the creditors against the said sureties on the executorial bond. There is nothing better settled than that the security who pays the debt of his principal is entitled to be subrogated to the rights of the creditor, and to all collateral securities which the creditor has obtained. See the late case in this court of *Rosenbaum* v. *Goodman,* 78 Va. 126, and the authorities there cited, and 3 Minor, Inst. 394, where it is said: "Where several or successive obligations of suretyship are not in substance (the form is of no consequence) those of original sureties for the same thing, the application of the doctrine of contribution requires several distinctions to be noted. Where the original surety will be exempt from contribution to the later surety, and will be entitled to full indemnity from him." "If one be bound, either personally or in his property, as original surety for a debtor, and upon the creditors bringing suit against the principal a third person becomes the latter's surety in a bail-bond, prison-bounds bond, a delivery-bond, an appeal-bond, an injunction-bond, or any like secondary obligation, this latter surety, upon paying the debt, has no recourse whatever against the original surety or his property. And the converse proposition, namely, that the original surety, if he pays, has a right to enforce the obligation of such secondary surety for his own indemnity, seems to be scarcely less obvious and certain, although, perhaps, not so universally admitted." Citing *Dering* v. *Earl of Winchelsea,* 1 White & T. Lead. Cas. Eq. 100, and other cases. There can be no doubt that the sureties on the purchase-money bonds for the sale of the debtor's land were liable primarily to the creditors before the sureties on the executorial bond of the debtor, and the said sureties on the executorial bond, having discharged the debt for which the other set of securities was primarily liable, have a right to pursue for their benefit the right of the creditor against the said second set of sureties, and this is their cause of ac-

tion against the said second set of sureties, the defendants in the circuit court.

As for the second contention of the appellee, that the proceedings do not show the debt claimed could not have been made out of the principal debtor, we may remark that execution against the principal debtor has been returned unsatisfied, and the principal debtor's lands have been sold at public auction, and the debt is still unsatisfied, and if there exists any possibility of making the debt out of any property belonging to the debtor, it is to their interest, primarily, so far as these appellants are concerned, to direct legal proceedings in that direction, because, as we have already said, as to the appellant, they, the appellees, are primarily liable, it being clear that if they comply with their undertaking, which has inured to the benefit of the appellant, then the appellant will be compensated for his loss.

The third contention of the appellees is, that the question of subjecting their homestead is *res adjudicata*, by reason of the decree of May 27, 1880, the court having there decreed against the appellants, the sureties of the executorial bond, because it "appeared that no further sum could be made out of the estate of Henritze and Hugh Millard, over and above their homestead." But here the circumstance is overlooked that this, by reason of the amended bill, is an attack upon the property once exempt, but claimed to be subject now to the debt, because the homestead exemption as to the property in question has expired; the husband and head of the family and the widow being dead, and the youngest child over twenty one years of age; and, this being so, then his contention is (4) that the complainant had no ground for the relief sought, when he filed his original bill, and, having no cause of action then, appellant could not file an amended and supplemental bill for causes of action arising thereafter. It is perfectly true that supplemental bills will not be allowed for the purpose of introducing a completely new case. 3 Daniell Ch. Pr. 159. But the plaintiff may, by his amendments, so alter

the frame and structure of the bill as to obtain an entirely different relief from that asked for originally. *Belton* v. *Apperson,* 26 Gratt. 207 ; Sand Eq. 660. In the case of *Straughan* v. *Hallwood,* 4 S. E. Rep. 394, this subject is elaborately considered. Judge Green, speaking for the court of appeals of West Virginia, said : " When a supplemental bill is based on facts occurring since the institution of the suit, and seeks relief only against the original defendant, no new parties being introduced, it is in the nature of an amendment of the original bill, and must be read with it, and the two must be regarded as one bill ; just as where an amended bill is filed, merely correcting statements in an original bill, the two are regarded as constituting one bill." Citing *Hill* v. *Hill,* 10 Ala. 527, and other cases. Saying, further, it would seem to follow that if, on the original bill, when all imperfections in it are disregarded, and on the evidence in the cause, the plaintiff has no cause of action at the time of filing his original bill, he could not maintain his suit by filing a supplemental bill setting up a cause of action that had accrued after the original bill was filed, even though it arise out of the same cause of action that was the subject of the original bill. A new cause of action should not then be permitted to be presented by a supplemental bill ; for, such supplemental bill being a part of and addition to the original bill, and to be read with it, to permit this would be to violate the obvious principle that in every case the cause of action must exist at the time the suit is brought. '' A party under the privilege of amending is not to introduce new matter which would constitute a new bill. Amendments can only be granted when the bill is defective in parties, or in prayer for relief, or in the omission of or mistake as to a fact or circumstance connected with the substance, but not forming the substance itself, or for putting in issue new matter to meet proper allegations in the answer." Opinion of Johnson, J., in *Piercy* v. *Beckett,* 15 W.Va. 444 ; citing *Lyon* v. *Tallmadge,* 1 Johns. Ch. 184 ; *Verplanck* v. *Insurance Co.,* 1 Edw. Ch. 46 ; *Shields* v. *Barrow,* 17 How. 130 ; *Christmas* v.

*Russell,* 14 Wall. 69; *Sheppard* v. *Starke,* 3 Munf. 29. When the original bill in this cause was filed, the homestead exemption had not expired, and the prayer was to subject the reversion after such expiration in the uncertain future; and, the court sustaining the demurrer to the bill, upon the ground that this estate could not then be subjected, and the homestead exemption having expired about that time, the bill was amended so as to change this fact, and pray for the sale of this property to pay the plaintiff's claim. It will be seen that the cause of action has been the same throughout all the proceedings in this cause, is the same in the original bill and in the amended bill, and rests throughout upon the same claim to recover. The bill has been amended so far as the character of the relief sought, which is legitimate and proper, as we have seen.

The only question remaining to be considered is that raised in the argument—that the property held as a homestead exemption cannot be subjected to the satisfaction of any liabilities against it which were created before the property was impressed with that character, or after it was impressed with that character. It is said that some of the States have settled this question in the manner so claimed. But to determine the question so far as this State is concerned, we must look to our own constitution, and the laws passed in pursuance thereof. The Virginia constitution provides (article 11, § 1) that "every householder or head of a family shall be entitled, in addition to the articles now exempt from levy or distress for rent, to hold exempt from levy, seizure, garnishing, or sale under any execution, order or other process, issued on any demand for any debt heretofore or hereafter contracted, his real and personal property, or either, including money and debts due him, whether heretofore or hereafter acquired or contracted, to the value of not exceeding two thousand dollars to be selected by him." Section 5 of the same article provides as follows: "The general assembly shall, at its first session under this constitution, prescribe in what manner and on what conditions the said householder or head of a family

shall thereafter set apart and hold, for himself and family, a homestead out of any property hereby exempted, and may, in its discretion, determine in what manner and on what conditions he may thereafter hold for the benefit of himself and family such personal property as he may have, and coming within the exemption hereby made." In pursuance of these provisions of the constitution, it is provided by law (section 8, ch. 183, Code 1873) as follows: " (8) The homestead provided in this act shall continue after his (the householder or head of a family) death, for the benefit of the widow and children of the deceased, until her death or marriage, and after her death or marriage for the exclusive benefit of his minor children, until the youngest child becomes twenty-one years of age ; after which period it shall pass, according to the law of descents, as other real estate, or as may be devised by said householder, not being subject to dower, yet subject to all the debts of the said householder or head of a family." This enactment is not only not in violation of any provision of the constitution of the State, but is an enactment in pursuance of its provisions, such discretion being expressly confided to the legislature ; which, however, under our system is possessed of all legislative power, and may do whatever is not forbidden by the constitution. Such being the provision of our law, upon what principle, and by what authority, can it be claimed that the property held as a homestead exemption, which remains after the said exemption expires, cannot be subjected to the debts of the said householder or head of a family ? It is by law expressly so provided, and in view of this plain provision of the statute there is no room for doubt upon this question; and we are of opinion that the property which had been set aside as a homestead to the appellees' intestate, James Henritze, deceased, is now liable to be subjected to the appellant's claim. It follows that the circuit court of Washington county erred in its decree complained of in sustaining the demurrer of the defendant to the amended bill of the plaintiff; and for that error the said decree will be reversed and

annulled, and the cause remanded, with instructions to the said circuit court to overrule the said demurrer, and grant the relief prayed for as to the property lately held as a homestead exemption by the said Henritze, deceased, and to proceed in the cause to a final decree in accordance with this opinion.

DECREE REVERSED.