𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

KEYSER v. RENNER.

December 11th, 1890.

1. PRACTICE IN CHANCERY.—*No right of action* —Plaintiff having no right of action at the time of suit brought, his suit must fail, and when this appears on face of bill, it will be dismissed on demurrer.

2. IDEM—*Amended bill—New suit.*—In such suit assignee cannot file a supplemental bill, which is not allowed to make a new case, but may bring a new suit.

Argued at Staunton.    Decided at Richmond.

Appeal from decrees of circuit court of Frederick county, rendered at November term, 1888, and at March term, 1889, in the chancery causes, consolidated, styled *Joseph Renner's Adm'r* v. *Robinson Keyser and others*, and *Lewis A. Miller* v. *Joseph Renner's Adm'r and others*. The decrees being adverse to Keyser, he appealed. Opinion states the case.

*Harrison & Byrd*, for the appellants.

*Barton & Boyd*, for the appellees.

LACY, J., delivered the opinion of the court.

This suit was instituted and the bill filed by Renner's administrator against the appellant, to enforce a deed of trust

given upon certain real estate in the bill mentioned, and to collect the bonds secured by the said deed in trust.

Upon the hearing it appeared that the plaintiff had lawfully assigned, under decree of the court before suit brought, the bonds to one Wm. L. Clark, general receiver of the court, and had no interest in the said bonds, as was set forth by the bill.

The defendant demurred to the bill, upon the ground that the bill set forth no right of action in the plaintiff, which demurrer the court sustained, but granted leave to E. Holmes Boyd, Esq., who claimed, by reason of a subsequent assignment to him, the right to sue on the bonds, to file his petition in the suit as an amended bill, and rendered a decree thereon against the defendant. Whereupon the defendant, after subsequent proceedings had intervened, applied for and obtained an appeal to this court, and, among other things, assigned this action of the circuit court of Frederick county as error.

In the view we take of this case, it is not necessary to notice any other assignment of error, as the said action of the said circuit court was plainly erroneous, and for that cause the said decree must be reversed. The plaintiff having no right of action at the time of bringing the suit, his suit must fail, and his bill be dismissed, without prejudice to the right of the real claimant to prosecute his lawful demand, if any.

This principle is so well settled in this court that citation of authority is scarcely necessary. But the learned counsel for the appellant has cited several cases which are applicable, to which we will refer: In *Sillings* v. *Bumgardner*, 9 Gratt., 273, it is said that "a bill filed by a sole plaintiff, having no interest whatever in the subject-matter of the suit, must be dismissed." Citing *Bradley* v. *Arnedon*, 10 Paige's R., 235, and *Lemon* v. *Harnsbarger*, 6 Gratt., 301. In *Sillings* v. *Bumgardner* the plaintiff was allowed to amend his bill as he *had an interest* which entitled him to sue, but which was *not the interest in which he did sue.*

But in the case of *Lemon* v. *Harnsbarger, supra,* it ap-

pearing to the circuit court that the plaintiff had no right to institute the said suit, dismissed his bill, which was affirmed here, this court declaring, through Allen, J., that the bill should be dismissed because the guardian who had brought the suit had no right to bring it, and the infant wards, having a right of action by their next friend then, and in their own names when they should come to full age, could not be substituted as plaintiffs, and the suit so continued because they were not parties to the suit; that there was no error in the decree dismissing the bill; and, without passing on any other question in the cause, decreed 'that the decree of the circuit court be affirmed with cost, adding: "But this affirmance is without prejudice to any suit for the same cause instituted by the wards, if of age, or in their names by their next friend, if infants."

It is perfectly true that supplemental bills will not be allowed for the purpose of introducing a completely new case. 3. Dan. Ch. Pr., 159.

An amended bill is in the nature of an amendment of the original bill, and must be read with it, and the two must be regarded as one bill; the two are regarded as constituting one bill. *Straughan* v. *Hallwood*, 4 S. E. Rep., 394—opinion of Green, J., court of appeals of West Va.; *Hill* v. *Hill*, 10 Ala., 527; *Hanby's Adm'r* v. *Henritze's Adm'r*, 85 Va., 182; opinion of Johnson, J., in *Piercy* v. *Beckett*, 15 W. Va., 444; *Lyon* v. *Tallmadge*, 1 Johns. Ch., 184; *Verplanck* v. *Insurance Co.*, 1 Edward Ch., 46; *Shield* v. *Barrow*, 17 How., 130; *Christmas* v. *Russell*, 14 Wall., 69.

The plaintiff having no right to bring the suit, and the same appearing by his bill, the demurrer was rightly sustained. He never did have any but a fiduciary interest in the matter, and of that he had been stripped by the assignment; and, as we deal with only the real parties in equity, he, having no interest, cannot be a party, and his baseless claim cannot be

bolstered by another suit engrafted on this in the form of an amended bill, and he must go out of court with costs.

For the foregoing reasons we are of opinion to reverse the decree complained of and appealed from, and dismiss the bill, without prejudice to any suit which may lawfully be maintained by the real claimant.

DECREE REVERSED.