Statement.

## Richmond.

Home Building and Conveyance Co. v. London and Others.

### March 15, 1900.

1. Chancery Pleading and Practice—*Final Decree—Causes Heard Together.*—A decree which dismisses a bill and directs the payment of costs is a final decree, and its finality is not affected by the fact that the cause is heard with another cause which was continued on the docket, where the parties to the suits were not and could not have been originally joined in one controversy.

2. Chancery Pleading and Practice—*Mutual Mistake—Several Grantees of One Grantor—Parties.*—Grantees of different parcels of land from a common grantor who have no common interest cannot be united in one suit by the grantor to correct a similar mistake of description in the deed to each grantee.

3. Chancery Pleading and Practice—*Rescission—Material Misdescription.*—Where a grantor has made a mistake in the description of the property conveyed which he is unable to correct, and which is material in its character, and affects the very substance of the transaction, the grantee is entitled to have the deed cancelled, and the purchase money paid refunded.

Appeal from a decree of the Circuit Court of Roanoke city, pronounced in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*C. A. McHugh* and *Cocke & Glasgow,* for the appellant.

*Scott & Staples* and *Watts, Robertson & Robertson,* for the appellees.

Keith, P., delivered the opinion of the court.

Maggie E. Plumley filed her bill on the 18th day of March, 1893, in the Circuit Court of Roanoke city, from which it appears that on the 19th of February, 1891, she, through her husband, J. A. Plumley, entered into a contract with the Home Building and Conveyance Company for the purchase of a lot lying on the west side of Commerce street, in the city of Roanoke, commencing 100 feet south of the property of the Norfolk and Western Railway Company, fronting twenty-five feet on said street, and running back 100 feet between parallel lines, at the price of $7,000.

A short time thereafter a deed to this property was executed and delivered by the Home Building Company. Thereupon the plaintiff took possession of the lot, and, desiring to erect a store-house upon it, proceeded to tear down the old building, and to purchase a large quantitity of building materials to be used upon the storehouse about to be constructed. Before, however, the storehouse had been built, she discovered that the Home Building and Conveyance Company owned only a portion of the lot which it had conveyed to her. She at once called upon the company to make good her title, which it failed to do, and she then demanded the cancellation of the contract and deed which it had made, and the return to her of the money which she had paid.

The Home Building and Conveyance Company filed an answer to this bill, which it prayed might be treated as a cross-bill, which sets out that Maggie E. Plumley was fully aware of the exact location of the land she contracted to purchase; that there was a clerical error on the part of the draughtsman of the contract and deed by which the northern line of the lot conveyed was made to begin 100 feet south of the property of the Norfolk and Western Railway Company instead of 110 feet, as it should have done, and that this error was not noticed by either Maggie E. Plumley or her agents, or the officers or agents of the defend-

ant corporation at the time of the execution of the deed, nor for about twenty months thereafter.

The negotiation for the sale of this property was conducted, and the deed of conveyance was prepared by London, Thomas & Co., who, at the time they were negotiating for the purchase of the lot for Maggie E. Plumley, were also bargaining for the adjoining lot on the south, also owned by the Home Building and Conveyance Company, for R. W. London, wife of S. C. London, and E. J. Thomas, wife of C. C. Thomas, the said London and Thomas being members of the firm of London, Thomas & Co., and a contract was contemporaneously entered into with them. In this contract, the same mistake occurs as in that between the Home Building and Conveyance Company and Maggie E. Plumley, that is to say, the northern line of her lot is made to begin 100 feet south of the property of the railway company, when it should have been 110 feet; and the lot conveyed to London and Thomas was made to begin 125 feet south of the Norfolk and Western railway, while it should have been 135 feet south. Thus, it will be observed, that, upon the property conveyed to Maggie E. Plumley, there was a strip not less than ten feet wide and running back its whole depth, to which the Home Building and Conveyance Company had no title, and therefore could convey none. It did have title, however, to all which it undertook to convey to London and Thomas.

On the 27th day of May, 1893, the Home Building and Conveyance Company instituted its suit in chancery against E. J. Thomas, R. W. London and R. M. Echols, and R. M. Echols, as trustee, and William Lind, in which it sets out the facts stated in its answer and cross-bill in the suit brought by Maggie E. Plumley, and avers a mistake in the execution of the contract and deed between the plaintiff and defendants, asks that the deed be reformed in accordance with the facts, and prays that the causes of Maggie E. Plumley against the Home Building and Conveyance Company, and that of the Home Building and

Conveyance Company against Thomas and others may be heard together, so that complete justice between the parties may be done.

It will be observed that neither London, Thomas, Echols nor their wives, who were the purchasers in the deed from the Home Building and Conveyance Company of the lot lying south of that sold to Maggie E. Plumley are made parties to the suit brought by her, nor is she made a party defendant to the bill brought by the Home Building and Conveyance Company, nor would it have been proper to make any other persons parties defendant to these several chancery suits than those who are so named in them. Maggie E. Plumley had, by virtue of her contract of purchase, no interest in or connection with the sale made to London and Thomas, and they had no concern in the lot conveyed to Maggie E. Plumley.

As has been said, the bill of the Home Building and Conveyance Company prays that the two causes may be heard together, and on the 19th of May, 1894, an interlocutory order was entered directing that these causes be hereafter "proceeded with together, and, when ready for hearing, be heard together." At another term they were by consent of parties submitted to the judge of the court to be decided in vacation, and on the 5th of August, 1896, a decree was entered dismissing the bill of the Home Building and Conveyance Company against London, Thomas and Echols and others, and directing the payment of costs.

There can be no doubt that a decree which dismisses a suit and directs the payment of costs is a final decree. If, therefore, the case of the *Home Building and Conveyance Company* v. *London and Others* had not been brought on to be heard with that of Plumley against said building company there would be no room for discussion as to the finality of this decree.

It is conceded by appellant that there are instances in which the decree may be final as to one defendant while interlocutory

as to others, but it is contended that they constitute exceptions to the general rule and are confined to cases, as was said in *Reynolds* v. *Johnson*, 1 Rand. 421, where "the rights or responsibilities of the several parties are perfectly distinct and several," while here the rights of the several parties are interdependent, and so intimately associated as to take it out of the terms of the exception.

The facts stated show that there was no common interest whatever between the purchasers of the two lots. It is true that they had a common grantor, and it is true that an identical mistake was made in the conveyances to them. Maggie Plumley would not have been a proper party to the suit brought by the Home Building Company for the reformation of the deed made by it to London and Thomas, nor would London and Thomas have been proper parties to the suit brought by Maggie Plumley for the cancellation of the deed made to her.

The argument in favor of treating the decree of August 5th as interlocutory arises not out of the transaction itself, nor any contractual relation between the parties to the two suits, but out of the fact that the Home Building and Conveyance Company brought its suit against London and others to reform its deed to them; and, an adverse decree having been entered, and it having allowed the period to elapse within which an appeal could have been taken, and errors to its prejudice in that decree, if any there were, been corrected, that decree, whether right or wrong, is now irreversible, and vests, beyond the hope of recall, in London and others a part of the property which it is alleged it was the purpose of the company to convey to Maggie E. Plumley. The presumption is that the decree dismissing the bill was right, and in that event the Home Building Company suffered no prejudice. If the decree was erroneous, it has lost the right of appeal by its own delay, and must suffer the consequences. There would be no justice in keeping litigation open as to the

parties dismissed to await the termination of a controversy in which they had no possible interest. *Reynolds* v. *Johnson, supra.*

In the case just cited, the party as to whom the final decree was entered was one of several defendants to the same bill. Here we have two suits in which the parties were not, and could not have been, originally joined in one controversy. It is true the suits were brought on to be heard together, as is often done for a variety of obvious reasons, but as they were connected by the decree which directed them to be heard together, so they were separated by the decree which decided the one, and continued the other.

We are of opinion that in the case of *Home Building and Conveyance Company* v. *London and Others*, in which a final decree was entered on August 5, 1896, the appeal was improvidently awarded, the record not having come to this court until the 11th day of September, 1897.

As we have seen, the deed to Maggie E. Plumley undertook to convey land to a large proportion of which the grantor had no title. It was the result of a mistake, and one which the Home Building Company is unable to correct. It is material in its character, affects the very substance of the transaction, and fully entitles the appellee, Maggie E. Plumley, to a cancellation of her contract, deed and bonds, and a restoration of the purchase money which she has paid. *Rogers* v. *Pattie*, 96 Va. 498.

Appellant claims, however, that the court erred in the allowance made for the building torn down by Maggie E. Plumley to make way for the storehouse which she proposed to build. This matter was referred to a commissioner to inquire and report what damages the company was entitled to. A good deal of conflicting evidence was taken, and the commissioner reports that the house was one of the oldest in Roanoke; that its timbers were rotten and valuable only for fire-wood, and when sold as such brought only $20; that the evidence as a whole was not of such a character as to enable him to arrive at a very accurate

estimate of the value of the house, but that he was of opinion the damage sustained was not more than $75, and he reports that sum.

Without going into a discussion of the evidence, we are of opinion that it is not such as to warrant us in reversing the decree of the court overruling the exception to this report.

The decree appealed from is affirmed.

*Affirmed.*