# Richmond.

## SAUNDERS v. BALTIMORE BUILDING AND LOAN ASSOCIATION.

### JANUARY 24, 1901.

1. USURY—*Personal Defence—Part of Purchase Price.*—The plea of usury is a defence personal to the debtor, and the purchase of land subject to a previous lien, the payment of which he assumes as a part of the purchase price, cannot object that there is usury in the lien, but is bound to discharge the lien as a part of the purchase price of the land.

2. CHANCERY PRACTICE—*Usurious Loan on Real Estate—Parting with Interest in Subject—Necessary Averments of Bill to Enjoin Sale.*—A borrower of money at usurious rates secured the loan by a deed of trust on real estate, which he subsequently sold to another, who assumed the loan as a part of the purchase price. The purchaser gave another deed of trust on the land to secure certain notes for the balance of purchase money, some of which the original purchaser held. The original borrower then filed his bill to enjoin a sale under the first deed of trust, on the ground of usury in the original loan. The bill does not aver the insolvency of complainant's grantee, or his inability to pay the debt assumed by him, nor that the lands will not sell for enough to pay all the debts secured thereon, including the debt assumed, nor that in such event the original creditor would have a right of action over against the complainant.

   *Held:* The bill is bad on demurrer.

3. CHANCERY PRACTICE—*Interest of Complainant—Right to Sue.*—A bill in equity should contain a statement showing the rights of the complainant exhibiting it, by whom, and in what manner he is injured, or in what he desires the assistance of the court. The bill must show clearly that the complainant has a right to the thing demanded or such an interest in the subject matter as gives him a right to institute a suit concerning it.

Appeal from a decree of the Circuit Court of Henrico county, pronounced January 21, 1899, in a suit in chancery, wherein the

appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Sands & Sands* and *H. R. & J. G. Pollard,* for the appellant.

*Scott & Buchanan,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

On March 17, 1893, George W. Saunders applied for membership in the Baltimore Building and Loan Association, a corporation under the laws of the State of Maryland, subscribed for twenty-five shares of the stock of the association of the par value of $100. per share, and, on the same day, the association issued the stock to him. Whereupon, Saunders made application to the association for an advance or loan to him of the full amount of the par value of his stock ($2,500), and, in his application, offered to pay a premium of fifty cents per month on each share of the stock, and to secure the premium and the loan, with interest at six *per centum per annum,* by deed of trust upon certain real estate situated in the county of Henrico, Va. The application for the advance having been approved by the association, Saunders and his wife, on the 1st day of April, 1893, executed to M. L. Spottswood, trustee, a deed of trust to secure the association the payment of said premium, the interest upon the debt of $2,500, and the dues upon the stock, until it should become fully matured, and of the' par value of $100 per share, when it was understood that the deed of trust should be released. Default having been made in the payment of the premiums, dues and interest, as provided for in the deed of trust, Spottswood, trustee, being required so to do by the association, advertised the property conveyed in the deed for sale on the 20th day of April, 1898. Whereupon, Saunders exhibited his bill to the

judge of the Circuit Court of Henrico county, praying an injunction restraining the sale so advertised and an injunction was awarded in accordance therewith.

The bill sets out the foregoing facts in the main, and further avers that the debt secured by the deed of trust was subject to sundry credits, aggregating $1,919.25; that a statement was rendered the complainant by the defendant association, showing that on the 17th day of March, 1898, there was due the association $1,877.10, as of the 31st of March, 1898, only giving complainant credit for $765.00, and allowing interest, $110.90; and that the sale should be enjoined on various grounds, amongst them that the contract was usurious. It is further averred "that, on the 7th day of September, 1897, complainant conveyed the tract of land embraced in the deed to Spottswood, trustee, together with various other tracts, to James T. Saunders and others upon a consideration of $6,500, and the further consideration that the grantees should assume the incumbrance on the real estate thereby conveyed, which included the debt due to the Baltimore Building and Loan Association, and that on the same day the said James T. Saunders and others conveyed the said real estate to H. St. John Coalter and George E. Wise, trustees, to secure the purchase money and interest, represented by twenty-nine notes aggregating $6,820 " * * * * * ; that "the said notes are now held by the complainant and the State Bank of Virginia."

To the bill, the Baltimore Building and Loan Association, and Spottswood, trustee, filed a demurrer and answer and, upon the hearing of the cause on the bill and exhibits therewith, the demurrers thereto, and the answers and exhibits therewith, the Circuit Court overruled the demurrers, and decreed that, unless James T. Saunders and others, grantees in the deed from George W. Saunders of September 7, 1897, who had assumed the payment of the debt due to the Baltimore Building and Loan Association as a part of the purchase money for the property con-

veyed, should deposit in the Security Bank of the city of Richmond to the credit of the court in the cause on or before the 1st day of March, 1899, the sum of $1,877.10, with interest thereon from the 31st day of March, 1898, to day of payment, being the debt due the Baltimore Building and Loan Association, and file a certificate of such deposit in the papers of the cause, then Spottswood, trustee in the deed dated the 1st day of April, 1893, should proceed to sell at public auction, on the premises, the real estate in the bill and proceedings mentioned, or so much thereof as might be necessary, to pay all taxes thereon, the debt due the Baltimore Building and Loan Association, costs, etc., having first laid off the property by proper metes and bounds into parcels, etc., and having advertised the sale as directed by the decree.

From this decree George W. Saunders obtained an appeal to this court, making the following assignments of error in his petition therefor:

(1) Because the sale was decreed without first ascertaining the liens on the property;

(2) Because the court should have ordered sale of the several parcels of land, by the metes and bounds, as given in appellant's bill; and

(3) Because the court did not pass upon the charge of usury made in the bill before directing a sale of the property.

The appellee, under rule IX. of the court, assigns as error the action of the court in overruling its demurrer to appellant's bill.

In the view that we take of the case, it is only necessary for us to consider appellee's assignment of error.

It is well settled by decisions of this court, that the plea of usury is a defence personal to the debtor, and that the purchaser of land subject to a previous lien, which he assumes to pay as a part of the purchase money, cannot object that the lien is

usurious, but is bound to discharge the lien, as part of the purchase price of the land. *Dickenson* v. *Bankers' L. & I. Co.*, 93 Va. 498; *Christian* v. *Wortham*, 78 Va. 100; *Michie* v. *Jeffries*, 21 Gratt. 334; *Spengler* v. *Snapp*, 5 Leigh, 478; and *Crenshaw* v. *Clark, Id.* 65. But whether or not a borrower of money on a usurious contract, the repayment of which is secured by trust deed upon lands, which the borrower has conveyed to third parties, who assume the payment of the debt thus secured as a part of the purchase money for the lands, can, under any circumstances, maintain a bill in equity to purge the contract of usury is an open question, and one that we are not called upon to determine in this case. However this question may be determined in a proper case for its decision, it is clear that the appellant in this case has not by his bill made a case that entitles him to the relief he asks. Indeed, he utterly fails to show how he was to be injured by the sale advertised by Spottswood, trustee, and which was enjoined at his instance. True, he avers that he is the holder of some of the purchase-money notes executed by his grantees, James T. Saunders and others, for the lands conveyed to them and secured by trust deed thereon, but he neither avers that his grantees are insolvent, and therefore unable to pay the debt to appellee that they assumed to pay, nor that the lands upon which the debt is secured will not sell for enough to pay all of the debts secured thereon, including the debt due to appellee, nor that, in such an event, appellee would have a right of action over against him.

The gravamen of appellant's bill is the alleged usury in the contract with the appellee for the loan of $2,500, and the relief he seeks, if obtained, could alone, upon his bill, enure to the benefit of his grantees, James T. Saunders and others, who would not be entitled to it under any circumstances, as they assumed to pay appellee's debt as a part of the purchase money for the land conveyed to them. Appellee's money was left in their hands by appellant, and they are bound in good faith to pay over to the

creditor the money thus had and received for its use. *Michie* v. *Jeffries, supra.* Were appellee seeking to collect of appellant any part of the money due on the contract alleged to be usurious, clearly he could make the defence of usury under section 2822 of the Code; but that is not this case, as appellee was only seeking to enforce its deed of trust upon land, the title to which appellant had conveyed away to other parties in whose hands he left the money to pay his debt due to appellee.

A bill in equity should contain a statement showing the rights of the plaintiff exhibiting it, by whom, and in what manner, he is injured, or in what he wants the assistance of the court, etc. The bill must show clearly that the plaintiff has a right to the thing demanded, or such an interest in the subject matter as gives him a right to institute a suit concerning it. 1 Dan'l Chy. Pr. 314; 1 Bar. Chy. Pr., 278.

We are of opinion that the demurrer to the bill in this cause should have been sustained, but with leave to the plaintiff (appellant here) to amend if he desired to do so, and the decree appealed from will, therefore, be so amended, and, as amended, will be affirmed with costs to appellee, and the cause remanded to the Circuit Court, with directions that appellant be allowed to amend his bill within a reasonable time, if he be so advised.

*Affirmed.*