# Richmond.

SMITH v. PYRITES MINING & CHEMICAL CO.

March 12, 1903.

1. APPEAL AND ERROR—*Final Decree—Amendment of Pleading—Amended · and Supplemental Bills.*—Generally, refusing to allow, or allowing, an amended or supplemental pleading to be filed, is not a final decree, nor a decree from which an appeal can be taken. But in this case, the rejected pleading is not an amended bill, since it shows no defect as to parties, nor mistake as to· allegations, nor omission of any fact or circumstance connected with the suostance of the original bill rendering an amendment necessary. Neither is it a supplemental bill in the usual and ordinary sense of that term, as the new facts which came into existence after the filing of the original bill constitute an entirely new and independent cause of action between different parties upon which a decree might have ·been rendered without reference to the original bill..

2. EQUITY PLEADING—*Amended and Supplemental Bills—New Case—Consolidation—Hearing Together.*—Where a second bill is filed in a cause making new parties, presenting different issues, and seeking wholly· different objects from those of the first bill, such bill is not an amendment of or supplemental to the first bill. It is at least in the nature of an original bill, and while the two suits might, for some purposes, be heard together, they could not be consolidated; and, if heard together, a decree dismissing one of them could not affect the relief sought in the other.

3. APPEAL AND ERROR—*Joint Hearing of Cases—Dismissal of One.*—Where two causes are heard together and one of them is dismissed and the other continued, the decree is final as to the one dismissed. and unless an appeal is taken within a year as provided by statute, the right of appeal is lost. The same rule applies to a so-called amended and supplemental bill which makes an entirely new case, and which is dismissed.

4. APPEAL AND ERROR—*Final Decree—Ruling on Pleadings—Code, Sec. 3454.*—There can be no appeal from a decree or order refusing to

allow, or allowing, an amended and supplemental bill to be filed, unless and until there is an appeal from a decree which is final, or is appealable under the provisions of section 3454 of the Code, allowing appeals from interlocutory decrees dissolving injunctions, requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of a cause.

Appeal from a decree of the Circuit Court of Louisa county, pronounced September 22, 1900, in a suit in chancery, wherein the appellant was the complainant, and the appellee and others were the defendants.

*Appeal Dismissed.*

The opinion states the case.

*W. E. Bibb* and *F. W. Sims,* for the appellant.

*Meredith & Cocke* and *James R. Caton,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

One of the grounds upon which the appellees base their motion to dismiss this appeal is that the decree appealed from is a final decree rendered in September, 1900, and that the petition for appeal was not presented until more than one year afterwards. Code, section 3455.

If the decree of September 22, 1900, is a final decree, it is clear that the appeal was improvidently awarded, as the petition for it was not presented until April, 1902. By that decree the court sustained a demurrer to an amended and supplemental bill filed by the appellant, and dismissed it.. As a general rule, refusing to allow, or allowing, an amended or supplemental pleading to be filed, is not a final decree, nor a decree from which an appeal can be taken. But the rejected pleading in this case cannot be regarded as an amended bill, since it does not show, and was not intended to show, that the original bill was defective as to parties, or that there was any mistake in its allegations, or the omission of any fact or circumstance con-

nected with the substance of the bill which rendered an amend-
ment necessary or proper. 1 Daniell, Chy. Pr. 401; 1 Barton,
Chy. Pr. 344, etc.    See *Glenn* v. *Brown*, 99 Va. 322, 326, 38
S. E. 189.

Neither can it be regarded as a supplemental bill, within
the usual and ordinary meaning of that term.    It states facts
which came into existence after the original bill was filed, it is
true, and in that respect possesses one of the characteristics of
a supplemental bill.    *Glenn* v. *Brown*, *supra*.    But the new
facts constitute an entirely new and independent cause of ac-
tion between different parties, and upon which a decree might
have been rendered without reference to the original bill.    Such
a pleading, it seems to be settled, is not a supplemental bill,
and cannot be filed as such if objection be made at the proper
time.    See *Milner* v. *Milner*, 2 Edw. Ch. 114; *Prouty* v. *Lake
Shore, &c. Rwy. Co.*, 85 N. Y. 275; *Riddle* v. *Motley*, 1 Lea,
468, 472 (opinion by Judge Cooper); *Straughan* v. *Hallwood*,
30 W. Va. 274, 292, 4 S. E. 394, 8 Am. St. Rep. 29; *Bird* v.
*Stout*, 40 W. Va. 43, 20 S. E. 852; *Barker* v. *Prizer*, 150 Ind.
4, 8, 48 N. E. 4; *Milwaukee, &c.* v. *Milwaukee, &c.*, 6 Wall.
742, 18 L. Ed. 856; *McComb* v. *Lobdell*, 32 Gratt. 185; *Hurt*
v. *Jones*, 75 Va. 342; *Hanby, &c.* v. *Henritze, &c.*, 85 Va. 177,
7 S. E. 204.

But if it could be regarded as a supplemental bill in the na-
ture of an original bill, was not the decree dismissing it final?

The original bill was filed in October, 1899, by the appellant,
a stockholder and director in the Pyrites Mining & Chemical
Company, a corporation chartered under the laws of this State,
against the company, its other stockholders and directors.    The
parties interested in the company did not agree as to its man-
agement, and the object of the suit was to have a receiver ap-
pointed to manage and control the affairs of the company under
the direction of the court until a sale of its assets could be
made; to ascertain all its liabilities, sell all its property, pay its

debts, and distribute the residue of the proceeds between the
parties entitled. A receiver was appointed, and such proceed-
ings had in the case as resulted in a decree in March, 1900,
directing the property, which was a mining plant, to be sold
at public auction on June 20 of that year. By agreement or
consent of parties in interest no sale was made on the day fixed.
Between that time and the 22d day of September following
(the record does not show precisely when), the appellant ten-
dered his said amended and supplemental bill, in which he al-
leged that at that time, and when the original bill was filed, he
practically owned and controlled one-half of the stock of the
company; that, being so interested, and desiring to protect his
rights, he entered into a contract or agreement with the Rich-
mond Guano Company and James G. Tinsley on the 14th of
June, by which he was authorized to purchase, either publicly
or privately, the property of the Pyrites Mining & Chemical
Company, which was advertised to be sold on June 20, 1900,
on the following terms and conditions, viz.: That the Guano
Company and Tinsley would furnish one-half the purchase price
in cash, the same to be paid back to them in ore at 10 *per cent.*
less than the market price at the rate of —— tons *per annum*;
that they were to have an option on one-half of the property
so purchased for one year for the sum of $56,000, provided the
appellant purchased the property at a price not exceeding $112,-
000, and if the appellant purchased the property at a price
exceeding $112,000 the Guano Company and Tinsley agreed to
divide the excess with him if they elected to become purchasers
under their option; that after this agreement was entered into,
and only a day or two before the property was to be sold by the
court's commissioners, W. S. Forbes, the vice-president of the
Guano Company, who had taken an active part in bringing
about the contract of June 14, acquired the stock of the
Pyrites Mining & Chemical Company held by others than ap-
pellant and R. F. Knox, being one-half thereof; that Forbes

claimed that he purchased the stock for himself (although the consideration was furnished by James G. Tinsley), and not under the agreement of June 14, and denied that appellant had any interest therein.

The amended and supplemental bill, after setting out in detail the reasons which induced the appellant to enter into the contract of June 14, the circumstances under which it was made, and the facts attending Forbes' purchase of the stock, charges that the stock was in fact purchased for the benefit of the Guano Company and Tinsley; that the acquisition of the stock in the manner it was acquired was in plain violation of the agreement of June 14, and a fraud upon the appellant's rights.

The prayer of the amended and supplemental bill is that the Pyrites Mining & Chemical Company, the Richmond Guano Company, James G. Tinsley, and W. S. Forbes be made parties defendant, be required to answer fully (but not under oath) all the allegations of the amended and supplemental bill; that Forbes be held to be a trustee for the appellant as to the stock purchased by him, and be required to deliver it up on the payment of the consideration paid by him, or be required to take payment for the same under the contract of June 14 in ore as therein stipulated, and that the parties thereto may be required to perform their contracts and be held liable for all damages that may result to the appellant and his mining plant by reason of their violation and failure to perform their contracts; that an account of said damages be taken, or an issue out of chancery be directed, to ascertain the amount of such damage, and for general relief.

None of the defendants to the original bill are made parties defendant to the amended and supplemental bill, except the Pyrites Mining & Chemical Company, and no relief is asked against any of the defendants to the original bill. Neither the Richmond Guano Company, Tinsley, nor Forbes is a party to

the original bill. Not only are the parties to the two bils different, but their objects are wholly different. They have no necessary connection with each other, so far as the issues involved in either are concerned. If the latter had been an original bill, it is clear that the two suits could not have been consolidated, though, for the purpose of distributing the proceeds of the Pyrites Mining & Chemical Company among its stockholders after the payment of its debts, it might have been proper, though not necessary, to have heard them together. If heard together, the dismissal of either would not have interfered with the relief sought in the other.

Where two cases are heard together for convenience, a decree dismissing one of them and continuing the other for further action is final as to the case dismissed, and if the party prejudiced by such dismissal fails to take an appeal within a year, as provided by statute, his right of appeal is lost. *Home Building Co.* v. *London,* 98 Va. 152, 156, 157, 35 S. E. 362.

There is no reason that we can see why the same rule should not apply to the dismissal of such an amended and supplemental bill as was filed in this case.

If the decree appealed from were not, as we have held, a final decree, it is not an appealable interlocutory decree. It does not dissolve an injunction or require money to be paid or the possession of title of property to be changed; nor is it an interlocutory decree adjudicating the principles of the cause. Code, section 3454. It does pass upon the sufficiency of the appellant's supplemental pleading, and dismisses it. But that is clearly not an interlocutory decree adjudicating the principles of the cause, from which an appeal lies, within the meaning of section 3454 of the Code.

The decree appealed from is either a final decree or it is a mere interlocutory decree refusing the appellant leave to file an amended and supplemental bill. If the former, the appeal was taken too late; if the latter, it was taken too soon, since

there can be no review by an appellate court of a decree or order refusing to allow or allowing an amended and supplemental bill to be filed unless and until there is an appeal from a decree which is final or appealable under section 3454 of the Code.

We are of opinion, therefore,. that, in no view of the case, can this appeal be sustained, and that it must be dismissed as improvidently awarded.

*Appeal Dismissed.*