IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA

### Staunton.

ELLIS v. WHITACRE AND OTHERS.

September 20, 1906.

Absent, Buchanan, J.

1. EQUITY—*Amended Bill—Presenting New Case—Case at Bar.*—It is not permissible by amended bill to set up a new and essentially different case from that presented by the original bill. In the present case a trustee in a deed of trust to secure creditors filed a bill to enforce the trust, and the property was sold under a decree in that suit. Afterwards he filed an amended bill to restrain the sale by another trustee of other property belonging to the same debtor conveyed by a separate deed. The property having been sold before the writ of injunction was served upon the defendants in the amended bill, certain judgment creditors of the debtor presented a petition in the suit upon the amended bill praying an annulment of the sale, and the trial court set the sale aside.

*Held:* The trustee in the first deed, having administered his trust, became *functus officio,* and the amended bill by which he sought to litigate matters wholly separate and distinct from the purpose of the original suit, and to affect property rights with which he had no concern, should have been dismissed.

2. EQUITY—*Bill Filed by Plaintiff Without Interest.*—A bill filed by a sole plaintiff having no interest in the subject-matter of the suit, must be dismissed.

Appeal from a decree of the Circuit Court of Frederick county. Decree for complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*Smith & King* and *Barton & Boyd,* for appellant.

*John T. Delaney* and *J. P. Whitacre,* for appellees.

WHITTLE, J., delivered the opinion of the Court.

The facts necessary to a correct understanding of the conclusion which the Court has reached in this case are as follows: Timothy Conway was the owner of 102 acres of land situated in Frederick county, Va., and also of a house and lot in the city of Roanoke; and by deeds of March 22, 1894, and March 2, 1899, in which his wife united, conveyed the 102-acre tract to W. C. Whitacre in trust to secure the payment of certain debts set forth in the deeds. On August 31, 1900, Conway and wife conveyed the Roanoke property to W. F. Dennis, trustee, to secure a debt of $1,500.00 to W. A. Rinehart. On November 26, 1900, these grantors, by two separate deeds, conveyed the Frederick county and Roanoke city property, respectively, to Henry C. Jackson, attorney in fact, to be sold at his discretion and the avails applied in discharge of the indebtedness of Timothy Conway. The language of the two last-mentioned deeds was general and gave neither the names of creditors nor the amounts of their demands.

In October, 1901, Whitacre, trustee, filed a bill in equity in the Circuit Court of Frederick county, designating as defendants therein the creditors whose debts were secured in the two deeds of trust executed to him as trustee, Henry C. Jackson, as attorney in fact in the deed of November 26, 1900, conveying the Frederick county property, and the unknown creditors intended to be secured by that deed, for the distinct purpose of

establishing the liens on the 102 acres of land, with the order of their priorities, and when ascertained to subject the property to sale for their satisfaction.

The usual accounts were taken and proceedings had in the case; the land was sold, and the purchase money substantially disbursed by decrees of the court prior to May 14, 1904.

On May 19, 1904, Dennis, trustee, in accordance with an advertisement commenced a month previous, sold and conveyed the house and lot in the city of Roanoke to the appellant, Joseph R. Ellis. On May 14, 1904, Whitacre, trustee, obtained an injunction, upon an amended bill, from the judge of the Circuit Court of Frederick county, in vacation, forbidding the sale of the Roanoke city property under the trust deed of August 31, 1900; but the writ of injunction was not served either on the trustee, Dennis, or the creditor, Rinehart, nor were they otherwise notified of the injunctive proceedings until after the sale to Ellis had been fully consummated. The appellant, Ellis, was not apprised of the pendency of the litigation until served with process to answer the amended bill, about one month after he had disposed of the property.

On May 3, 1904, Conway confessed judgments in favor of his wife and the Shenandoah Valley National Bank; and these creditors, subsequent to the filing of the amended bill, presented their petition in that suit, praying an annulment of the sale to Ellis, and also that the incumbrances on the house and lot in Roanoke city be determined before exposing that property to sale. The Circuit Court granted the prayer of the amended bill and set aside the sale as to Ellis, to which ruling this appeal was allowed.

In our view of the case it is unnecessary to consider or discuss the grounds alleged in justification of the decree annulling the sale to the appellant. It appears from the foregoing summary that the object and legitimate scope of the original bill was to enforce the deeds of trust on the 102 acres of land in Frederick county alone; indeed, the conveyance to Whitacre,

trustee, comprehended no other property, and the pleadings were carefully restricted to the administration of that single asset. As remarked, Whitacre was the sole plaintiff in' the original bill, and the deeds of trust constituted his commission and defined the limits of his power. He was in no sense the representative either of the grantor or his creditors with respect to any property other than that included in his deeds, and having administered the trust subject, his duty was discharged and his authority exhausted.

This was the condition of affairs at the date of the filing of the amended bill; and the trustee was at that time *functus officio,* except, perhaps, so far as his right to disburse an inconsiderable balance of the purchase money of the 102 acres of land remaining undisposed of was concerned. Nevertheless, by the amended bill he sought to litigate matters wholly separate and distinct from the purposes of the original suit, and to affect property rights with which, as sole plaintiff, he had no concern, either individually or in his representative capacity. In brief, the amended bill made a new and essentially different case from that presented by the original bill, and upon familiar principles of equity practice such procedure is not permissible.

The general rule on the subject is well stated in 16 Cyc. 338: "An amended bill must not be repugnant to the original, nor may it present an entirely new and essentially different case, entirely changing the purpose of the suit. This principle is clear; but difficulties arise in determining what constitutes an essentially different case. A different case is not made by averments setting out the case more specifically or fully, or by adding new facts or grounds for relief consistent with those originally presented, although the relief demanded is thereby broadened or even changed, the main general object of the bill remaining the same. An amendment will not be permitted which changes the case as to all defendants and presents a new case against new defendants, nor may a plaintiff by amendment entirely change the grounds on which he seeks relief. Therefore,

while a plaintiff may amend by alleging the same title as claimed in the original bill, but obtained in a somewhat different way, he may not in general assert a different title, and especially where the change entails a change in the capacity in which plaintiff sues. Where the grounds of the amended bill are repugnant to those of the original a new case is presented and the amendment will not be permitted."

The doctrine is also sustained by abundant Virginia authority: 4 Min. Ins. (2d Ed.) 1263; *Belton* v. *Apperson,* 26 Gratt. 207; *Hurt* v. *Jones,* 75 Va. 341; *Shenandoah Valley R. Co.* v. *Griffith,* 76 Va. 913; *New River Min. Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300; *Tidball* v. *Shenandoah Nat. Bank,* 100 Va. 741, 42 S. E. 867; *Smith* v. *Pyrites Min. Co.,* 101 Va. 301, 303, 43 S. E. 564; *Kinney* v. *Craig,* 103 Va. 158, 164, 48 S. E. 864.

In *Hurt* v. *Jones, supra,* at page 353, Judge Burks, in delivering the opinion of the court, observes: "While great liberality has been manifested in modern times, especially by the courts of this country, in allowing amendments of pleadings (and with this increasing spirit of indulgence we find no fault), yet the courts everywhere agree in denying liberty to so amend and supplement a bill as to make an entirely new case."

In this instance the amended bill not only violates the foregoing rule in the particular mentioned, but moreover, as remarked, raises questions and affects property over which the plaintiff has no control and in which he is in no way interested.

According to well-settled rules of equity pleading a bill filed by a sole plaintiff having no interest in the subject-matter of the suit must be dismissed. *Sillings* v. *Bumgardner,* 9 Gratt. 273; *Coffman* v. *Sangston,* 21 Gratt. 263; *Clark* v. *Oliver,* 91 Va. 421, 427, 22 S. E. 175; *Keyser* v. *Renner,* 87 Va. 249, 12 S. E. 406; *Turner* v. *Barraud,* 102 Va. 324, 337, 46 S. E. 318; see also 1 Daniel's Chy. Prac. 314; *Saunders* v. *Baltimore Building and Loan Asso.,* 99 Va. 140, 37 S. E. 775.

In *Coffman* v. *Sangston, supra,* it was held that the objection

could not be removed by the introduction of other parties having interests.

In *Keyser* v. *Renner, supra,* the suit was brought to enforce a deed of trust, and upon the hearing it appeared that before the suit was brought the plaintiff had assigned the secured bonds to the general receiver of the court and had no interest in them. The court sustained a demurrer to the bill, on the ground that it set out no right of action in the plaintiff, but granted leave to the assignee to file his petition in the suit as an amended bill, and decreed thereon against the defendant. Upon appeal it was held that the action of the Circuit Court was plainly erroneous, and the decree was reversed. The court said: "The plaintiff having no right of action at the time of bringing the suit, his suit must fail, and his bill be dismissed, without prejudice to the right of the real claimant to prosecute his lawful demand, if any."

"This principle is so well settled in this court that citation of authority is scarcely necessary." Citing *Lemon* v. *Harnsbarger,* 6 Gratt. 301; *Sillings* v. *Bumgardner, supra; Bradley* v. *Arnedon,* 10 Paige (N. Y.) 235; 3 Dan. Chy. Pr. 159.

The opinion concludes: "The plaintiff having no right to bring the suit, and the same appearing by his bill, the demurrer was rightly sustained. He never did have any but a fiduciary interest in the matter, and of that he had been stripped by the assignment; and, as we deal with only the real parties in equity, he, having no interest, cannot be a party, and his baseless claim cannot be bolstered by another suit engrafted on this in the form of an amended bill, and he must go out of court with costs."

This principle is elementary, and it is needless to multiply authorities in support of it.

For these reasons the decree appealed from must be reversed.

*Reversed.*